## ALCORN WATSON v. STATE OF MISSISSIPPI.

### [50 South. 627.]

CRIMINAL LAW AND PROCEDURE. *Murder. Evidence. Questionable character. New trial. Newly discovered evidence.*

Where a defendant was convicted of murder on testimony of such doubtful character as to make it gravely questionable whether the court should not vacate the verdict independently of other considerations, a new trial should be granted because of newly discovered evidence strongly tending to show defendant's innocence.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Watson, appellant, was indicted and tried for and convicted of murder, sentenced to the penitentiary for life, and appealed to the supreme court. The opinion of the court states the facts upon which the decision turned.

*Anderson, Voller & Foster* and *R. L. C. Barrett*, for appellant.

The unreasonableness of the witness Boykin's testimony is

so clearly shown that it ought to have fallen heavily of its own weight before the jury of twelve honest, unbiased, and unprejudiced jurors, but such was not the case. It was received and accepted, notwithstanding the fact that it was clearly and positively shown that Boykin testified to a far different state of facts before the coroner's jury of inquest that investigated. the killing the morning following its occurrence.

The court below erred in not granting a new trial upon the newly discovered evidence of Leota Johnson, which was offered at the hearing of the motion.

The affidavits of the defendant and of both counsel that represented him, show that due diligence was used to procure evidence for his defense, and that no one knew or could have known of the witness, Leota Johnson, and they were not advised in any way that she had any knowledge of the facts set out in the affidavit filed as an exhibit to the motion for a new trial.

Her testimony is not merely corroborative, cumulative, nor does it merely tend to impeach other witnesses, for the defense. The benefit of this testimony is well calculated, if anything would, to change the result of the former trial.

*Wiley J. Croom,* on the same side.

In view of the character of the witnesses, and the class in which these witnesses are placed by the law, the appellant was entitled to the fourth instruction, and the refusal by the court to grant the same worked irreparable injury to the appellant. See *Vails v. State,* 94 Miss. 365, 48 South. 725, in which an instruction similar to that here in question, and there given on behalf of the state, in that case was attacked by the defendant. This court there said "there was not only no reversible error, but no error at all, in giving the fourth instruction for the state." Now in this case the instructions refused to defendant, were drawn along the line of the instruction cited, and instruc-

tion number four in this case, is identical with instruction number four in the *Vails' case,* which this court there said was correct.

*George Butler,* assistant attorney-general, for appellee.

It is seriously contended by appellant that the verdict should not be permitted to stand because it is alleged to be against the clear weight of the evidence and shocking to the conscience. Ordinarily, it would be sufficient to say that the testimony of witness Boykin makes out a clear case of murder. It is true that a vigorous assault was made upon the credibility of this witness on the trial of the case in the court below, and the most successful attempt to impeach his testimony was made when Hon. George Anderson, of the Vicksburg bar, took the stand and swore that Boykin's statement of the case at the preliminary hearing was materially variant from the testimony given upon the trial of the case; but we must remember, in considering the testimony of Mr. Anderson that he was present at the preliminary trial representing Mr. Voller, appellant's attorney, and it is but natural and reasonable that all things favorable to the accused should make a deep and lasting impression on his mind. But when it comes for this court to pass upon the sufficiency of the testimony, it should be remembered at all times that the jury had the witnesses before them, heard them testify, observed their demeanor and conduct while on the stand, and while undergoing the severe and searching investigation of appellant's counsel, and the jury are, therefore, in a much better position to intelligently pass upon the credibility of the witnesses, and to reach the correct conclusion as to how the homicide occurred.

It would seem clear from all of the testimony in the record, that the appellant proved everything on the trial which he subsequently claims he could have proved by Leota Johnson except possibly the bare statement "I am going to put every shot in

him;" and besides this it is shown that by the exercise of due diligence this witness could have been procured on the trial.

WHITFIELD, C. J., delivered the opinion of the court.

This conviction rests almost exclusively upon the testimony of Ray Boykin. The testimony of that witness on the trial in the circuit court is so overwhelmingly contradicted by his own previous testimony, taken down in writing at the coroner's inquest, and by the testimony of George Anderson, Mr. C. L. Swords, Joe Homberger, John Bianchi, and others, as to make it gravely questionable whether this court should not set aside this verdict on that ground alone, as utterly unwarranted by the testimony. We prefer, however, to rest the judgment of reversal in this case upon the ground that the newly discovered testimony of Leota Johnson was most vital and material to a just decision of this case. The application for a new trial on the ground of this newly discovered evidence conformed strictly, in all respects, to the requirements touching such applications, and the testimony being, as stated, of the most vital character, it was error, and fatal error, to overrule the motion for the new trial.

For this error, the judgment is reversed, and the cause remanded.                                        *Reversed.*