## Commonwealth v. Bement.

(Decided March 12, 1926.)

### Appeal from McCracken Circuit Court.

1. Homicide.—In murder prosecution, evidence held to require qualification of self-defense instruction so as to present state's theory that accused pursued decedent and provoked difficulty.

2. Criminal Law—Letter to Accused from Fiancee Held Not Best Evidence of Engagement as Affecting Theory that Killing Occurred while Seeking Apology from Deceased for Insult to Finance. —In murder prosecution, where accused claimed killing was in self-defense, after he attempted to insist on an apology from deceased for insulting language concerning his finance, letter from her to accused held not best evidence to prove they were engaged, and should have been excluded, as conduct between parties was best evidence thereof.

3. Homicide—Evidence of what Occurred Between Accused and Decedent at Garage, Before Taking Ride on which Killing Occurred, Held Clearly Competent.—In murder prosecution, involving plea of self-defense, evidence of what occurred between accused and decedent at garage immediately before taking ride on which homicide occurred, and within an hour thereof, held clearly competent as showing their attitude toward each other in early stages 'of controversy.

FRANK E. DAUGHERTY, Attorney General, and JACK E. FISHER for appellant.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Certifying the law.

Appellee was indicted and tried for murder. The jury failing to agree, and complaining of the court's rulings upon the admissibility of certain evidence and the refusal to qualify the self-defense instruction the Commonwealth has appealed for a certification of the law.

Defendant admitted killing decedent, Otto Huddleston, by stabbing him with a knife, but claimed to have done so only in his necessary self-defense and after decedent had struck at him with a knife. At the time decedent was sitting in his automobile and under the wheel and the only other person present, a Mr. Ray, did not see him strike at the defendant. But, however that may be, the difficulty did not begin at that time or place. Defendant had been pursuing decedent for more than an hour for the purpose, according to his testimony, of ob-

taining an explanation of or an apology for an insulting remark he claimed decedent had made about his fiancee, a Miss Holt, but according to the Commonwealth's witnesses, because of resentment for some slight attention Miss Holt had shown decedent while defendant was in Detroit.

According to the testimony for the Commonwealth decedent had tried in every possible way to avoid trouble with defendant, but defendant had persisted in his demands and gotten into and refused to get out of decedent's automobile as the latter was leaving the garage where the controversy began; and admittedly the killing occurred in front of the house of a Mr. Ray, after decedent had driven up to his home and complained to him of defendant's refusal to get out of his car.

Upon the other hand defendant testified that he got into the car of decedent at his invitation and upon the latter's promise that he would make a satisfactory explanation of the charge. He admits, however, that before getting to Mr. Ray's house decedent tried to get him to go get out of the car at the forks of the road and that he refused to do this.

There was, therefore, ample evidence to support the Commonwealth's theory that defendant pursued decedent and provoked the difficulty which resulted in the homicide, and this being true the court erred in not so qualifying the self-defense instruction as to present that question to the jury for decision, since it is well settled that one can not provoke an assault and thereby create a necessity for killing in self-defense. Gambrell v. Commonwealth, 130 Ky. 513, 113 S. W. 476.

We are also of the opinion that the court erred in admitting a letter written by Miss Holt to defendant expressing not only her gratitude for a ring he had given her but her love for him as well. It is insisted for appellee that it was admissible to prove that he and Miss Holt were engaged to be married and that he had the right to establish that fact in explanation of his conduct toward decedent just before and at the time of the killing. Agreeing that it was competent to prove that fact we are yet clearly of the opinion that the letter should not have been introduced, as it was not in any sense the contract between the parties and therefore admissible as the best evidence of its existence which seems to be the theory of appellant. Both defendant and Miss Holt

testified that they were engaged to be married and this was denied by no one. While the letter doubtlessly would have been competent in a controversy between them it would have been admissible only as an admission against interest and not otherwise, and neither it nor its sentimentality had any place in this proceeding. The court therefore will exclude it upon another trial.

We are also asked to pass upon the admissibility of the evidence of John Cowan and Lester Nannie which appellee insists is irrelevant and incompetent and which was admitted over his objection and exception. This evidence relates to what occurred between defendant and decedent at the garage, and not only shows their attitude toward each other during the early stages of the controversy which within an hour resulted in the killing and is therefore explanatory of the killing itself and the motives that actuated both parties at that time. It was therefore clearly competent and the court did not err in admitting it.

Another trial will therefore be conducted in accordance with the foregoing certification as the law of the case.