Ralph ARTHUR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 15, 1957.

M. C. Redwine, Redwine, & Redwine, Winchester, John Y. Brown, Lexington, W. Owen Keller, Frankfort, for appellant.

Jo M. Ferguson, Atty. Gen., David B Sebree, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Ralph Arthur, was convicted of voluntary manslaughter and sentenced to twenty-one years in prison. He submits several grounds for reversal of the judgment, but we deem it sufficient to limit our discussion and decision. Some of the incidents complained of will not occur on another trial.

During the evening of March 28, 1956, Wanda Byrd, a sixteen year old girl, was fatally injured when she was struck by an automobile on a Winchester street. The driver of the car did not stop, and there were no eyewitnesses to the accident. However, evidence was obtained which tended to establish the fact that it was Arthur's car, and he was arrested and soon placed upon trial.

The defendant's motion to have the jury view the scene of the accident was

properly overruled. There was nothing unusual about the situation, and it was fully described by witnesses and shown in photographs.

■ The circumstances as established by the Commonwealth's evidence did not require an instruction on accidental or unintentional homicide, for the act was not admitted with a defense that would excuse or justify it. Stanley's Instructions to Juries, § 771. The defendant introduced no evidence at all.

George S. Bladyes, of Louisville, who identified himself as a private "criminology detective," investigated the death of Miss Byrd and obtained certain evidential items which fortified other circumstantial evidence in possession of the officers that the appellant's car had struck her. Bladyes interviewed the defendant, Arthur, at the jail in the presence of the Chief of Police of Winchester and a Louisville officer. He testified that the defendant "said he hit the girl and he was afraid to tell it and he signed a statement to that effect." The witness was asked to tell what Arthur had told the officers there and he answered, "He told us that he was going out the road and that he had hit something and saw the girl when she hit the windshield but he didn't see her before, and he went on out the road, he didn't know how far, and that he was drunk." The defendant's motion to exclude the testimony was overruled. His attorney was taken by surprise as his client had told him he had made no statement to the officers.

Thereupon the jury was sent from the courtroom and Bladyes was interrogated at length. He had talked with the defendant for perhaps an hour. Bladyes' testimony showed *prima facie* that the defendant's statements were not obtained in violation of the Antisweating Act, KRS 122.110, which bars the use as evidence of admissions or confessions of guilt obtained in the manner prohibited by the Act. There was no contradiction of the detective's account of the circumstances under which the admissions were obtained. We, of course, confine our decision on the admissibility of the defendant's self-incriminating statements to the evidence heard on the present trial.

During this interrogation Bladyes revealed that at the time the defendant had signed a statement which had been prepared by the Louisville police officer. When Mr. Redwine, the defendant's attorney asked him to produce it, Bladyes said that he did not have it. The County Attorney spoke up and said, "I have it." He refused the defendant's attorney's request to see the statement. The attorney then asked if he might see it. The Commonwealth's Attorney refused and objected to the defendant's counsel seeing the statement. Thereupon, counsel stated, "If the gentlemen doesn't hand it over now, I'm going to ask that he be put under oath so I can interrogate him." The Court responded, "Well, anything further with this witness?" The interrogation of the witness continued as to the circumstances under which the defendant's statement was made. At the conclusion, defendant's attorney said, "We want to call Mr. Craft [the Commonwealth's Attorney]," and he responded, "I refuse to be called in court." The Court merely inquired, "Anything further?" While there was no formal motion that the court required the production of the writing, such a motion is implicit in all that occurred, as is its tacit overruling by the Court. A renewed motion to exclude Bladyes' testimony was overruled.

■ The concealment and suppression of the written statement raise the inference that it contained something favorable to the accused. Wharton's Criminal Evidence, § 142. Cf. Phelps v. Commonwealth, 255 Ky. 655, 75 S.W.2d 217. See McClure v. McClintock, 150 Ky. 265, 150 S.W. 332, 42 L.R.A.,N.S., 388; and 20 Am.Jur., Evidence, § 184.

■■ As a general proposition, where the prosecution has a document right in

court during the course of the trial which the accused thinks is relevant and material to his defense, he should not be denied the right at least to examine it in order to see what use he may make of it. The interest of the Commonwealth in a criminal prosecution is not that it shall win a case but that justice shall be done. The decisions of this court afford abundant support of this principle. We have many times declared that there rests upon prosecuting attorneys the obligation to deal fairly with the accused and to recognize his legal rights as well as the rights of the Commonwealth, and that these public officials should see that the truth is disclosed and that justice shall prevail.

In Wendling v. Commonwealth, 143 Ky. 587, 137 S.W. 205, 211, we held that the court did not abuse a sound discretion in refusing a request that the Commonwealth produce before the trial for inspection of the accused and his counsel clothing and other articles that were subsequently introduced as evidence by the Commonwealth on the trial. However, the opinion says, "But both the accused and his counsel should have full and free opportunity to examine them when offered as evidence." It was further said that they had known before the trial what the articles were and that they would be offered as evidence; furthermore, they had opportunity to examine the articles during the trial, so the defendant was not prejudiced by refusal of the court to require their previous production. The more recent case of Kinder v. Commonwealth, Ky., 279 S.W.2d 782, holds it to have been proper for the court to deny a subpoena duces tecum to compel the prosecution to produce for inspection before trial reports of certain scientific tests and a copy of a signed statement or confession which the prosecution intended to introduce as evidence and a copy of the testimony heard by the grand jury. The principal distinction between that case and this is that here the trial was in progress and the prosecution deliberately refused to submit for inspection the purported statement of the accused which they had there in their possession.

■ The situation and conditions here are quite different from where a demand is made for the pretrial disclosure of the Commonwealth's evidence. The court should have required the prosecuting attorneys to produce and exhibit the writing.

It is not necessary, however, to express an opinion whether it was prejudicial error merely to deny inspection of the document. See 23 C.J.S. Criminal Law § 955. The denial does not stand alone. More important aspects are those which relate to the suppression of part of a statement and to the disregard of the best evidence rule. The witness, Bladyes, had testified to brief self-incriminating statements, expressed in a general way, which the accused had made during an hour-long interrogation by him and two police officers. He had revealed that on the same occasion the accused had signed a written statement concerning the crime with which he was charged, and it was admitted that statement was then and there in court in the hands of the prosecuting attorneys.

■ It is, of course, true that parol testimony of self-incriminating admissions or of an extrajudicial confession of guilt is admissible. The statements may be partly oral and partly written, for there is no form prescribed by statute. Underhill's Criminal Evidence, §§ 397, 399. But if any statement is admissible in evidence, it is an elementary rule that it is admissible in its entirety, including parts that are favorable as well as parts that are unfavorable; and the accused is entitled to have placed in evidence all that was said or written which has some relevancy or bearing upon or connection with the statements or declarations which were related to the witness. Cornelius v. Commonwealth, 15 B.Mon. 539, 54 Ky. 539; Collins v. Commonwealth, 227 Ky. 349, 13 S.W.2d 263; Murphy v. Commonwealth, 281 Ky. 424, 136 S.W.2d 545.

██ · It is true the witness, Bladyes, did not undertake to testify what the writing contained, but if it did contain the incriminating admissions or confessions of guilt to which he had testified, then the parol testimony was incompetent because it violated the best evidence rule. That familiar rule is that courts will not receive oral testimony of a particular fact where there is a written record or evidentiary document which is in possession of the party offering the evidence or which is otherwise available. Louisville & N. R. Co. v. McCoy, 177 Ky. 415, 422, 197 S.W. 801, 805.

It is laid down in 2 Wharton's Criminal Evidence, § 361, "When the confession is in writing, it must be proved by the production of the writing, with proof of its execution, as in other cases of documentary evidence. The best evidence rule is applicable in such a case." It is further said in that section, "In the proof of confessions, the whole of what the accused said on the subject at the time of making the confession should be taken together. The prosecution is entitled to show the whole statement or if any part is omitted, the accused is entitled to supply it."

In Shaw v. Commonwealth, 229 Ky. 412, 17 S.W.2d 267, we recognized that a written confession of guilt is the best evidence, but it was definitely shown in the case that the writing could not be found after a search for it by the officers who had it in their possession, so that it was not error to admit parol evidence of the confession. In Mountjoy v. Commonwealth, 262 Ky. 426, 90 S.W.2d 362, a typewritten confession signed by the accused was introduced in evidence. We held that it was in fact an original paper and was acceptable under the best evidence rule, although there had been previously made a pencil draft or memorandum of the accused's statements. These cases place this court among the apparent majority of courts which hold that where an extrajudicial admission against interest or a confession of guilt

has been committed to writing, that writing must be produced as the best evidence unless its absence is accounted for. 22 C.J.S. Criminal Law § 833, p. 1457.

We are of opinion that it was prejudicial error of the trial court under the particular circumstances not to have required the Commonwealth to produce the written statement of the accused and not to have excluded the oral testimony of the witness, Bladyes, insofar as its substance was embraced in the writing. On another trial, the writing being before the court, the oral testimony may be controlled before it is given.

The judgment is reversed.

CAMMACK and MONTGOMERY, JJ., dissenting.

MONTGOMERY, Judge (dissenting).

Since I am convinced that the judgment should not be reversed upon the grounds stated in the majority opinion, the reasons therefor are briefly stated.

The majority opinion holds that the trial court erred: (1) In failing to require the Commonwealth to "produce the written statement of the accused"; and (2) in failing to exclude "the oral testimony of the witness, Bladyes, (sic) insofar as its substance was embraced in the writing". Neither of these grounds should be held to constitute prejudicial error under the record in this case.

The question of whether or not counsel for appellant was entitled to have the written statement of the accused produced as evidence was not raised in the circuit court. The mere fact that counsel for appellant asked the attorney for the Commonwealth to produce the written statement does not constitute a motion which would require a ruling of the trial court. Criminal Code of Practice, Section 152. Another reason why this question is not before this Court is that Sections 280 and 282 of the Criminal Code

of Practice have uniformly been construed as requiring a timely objection to the ruling of the trial court and an exception to the ruling in the bill of exceptions to save an alleged error for appellate review. See Roberson, New Kentucky Criminal Law and Procedure, Second Edition, Sections 1951, 1952, 1953, and 1954, pages 2090–2094. Caswell v. Commonwealth, 285 Ky. 394, 147 S.W.2d 1045. Yet, in the absence of a motion or a ruling of the trial court, or an exception taken to the procedure of the court, this Court has considered appellant's contention concerning this matter and has held that the trial judge committed prejudicial error in failing to compel the Commonwealth to produce the written statement. I would prefer to adhere to our former well-established rule and hold that the alleged error was not preserved for appellate review.

I also disagree that the trial court erred in admitting the "oral testimony of the witness, Bladyes, (sic) insofar as its substance was embraced in the writing". Ordinarily, when the primary evidence of a fact is a writing, the best evidence rule requires the writing to be produced in evidence, unless its nonproduction is explained or excused. However, when the ultimate fact sought to be established was observed by a witness, his testimony regarding what he had seen or heard is primary evidence, regardless of whether such fact is reduced to writing. See Wharton, Criminal Evidence, Volume 2, Section 607, page 501. Commonwealth v. Bement, 213 Ky. 501, 281 S.W. 507.

The record discloses that Blaydes did not testify from either the writing or information he obtained from it. Instead, he testified about what he heard appellant say concerning his involvement in the alleged crime. These oral admissions were properly received in evidence because they constituted a declaration against interest.

Consequently, I believe the reasons given for the reversal of the judgment are unsound.

CAMMACK, J., joins in this dissent.