354 P.2d 1002

STATE of New Mexico, Plaintiff-Appellee,

v.

James P. MORGAN, Defendant-Appellant.

No. 6647.

Supreme Court of New Mexico.

Aug. 22, 1960.

288

Smith, Kiker & Kitts, Albuquerque, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Thomas O. Olson, First Asst. Atty. Gen., Boston E. Witt, Asst. Atty. Gen., for appellee.

CARMODY, Justice.

The defendant appeals from a conviction of assault with a deadly weapon.

This case presents the question of whether a defendant, at the trial of a criminal case, is entitled to inspect the grand jury testimony of the state's witnesses.

Defendant Morgan, a police officer in Farmington, was indicted by a grand jury in San Juan County for assaulting the complaining witness with a blackjack or "slapper" after an arrest for a peace disturbance. At the trial, two of the witnesses for the state, having previously testified before the grand jury, were examined by the district attorney, who used the transcript of their grand jury testimony as a basis for his questions. Counsel for Morgan requested the right to inspect the transcript as to the testimony of these two witnesses, but such request was refused. Subsequently, a similar demand was made as to the testimony of Morgan and another defense witness, after they had been cross-examined as to their grand jury testimony, but again the request was denied. However, during cross-examination of Morgan, all his grand jury testimony was read to the jury. The record is silent as to whether the trial judge inspected the grand jury transcript, and neither was any request made that he do so. It must be conceded that the defendant did not know what the grand jury testimony of the other witnesses was, and that the principal purpose in making the request was the hope of developing impeaching, or at least contradictory, testimony.

Secrecy of grand jury proceedings is deeply ingrained in our law. Public policy shrouds the proceedings in secrecy for the benefit of the grand jury members, the witnesses, and the defendant, and this policy remains until the reasons for the secrecy have either been terminated or outweighed. The reasons for the secrecy are conceded, by practically all authorities, to be fourfold. They are: (1) That the grand jurors themselves be secure in freedom from apprehension that their opinions and votes will not be subsequently disclosed; (2) that complainants and witnesses will be encouraged to appear before the grand jury and speak freely without fear that their testimony will be made public, subjecting them to possible discomfort or retaliation; (3) that those persons who are indicted will be prevented from escaping prior to arrest or from tampering with witnesses against them; and (4) to prevent disclosure of derogatory information against persons who have not been indicted. See 8 Wigmore on Evidence, 3d Ed., § 2360; and 24 Am.Jur. 865, Grand Jury, § 47.

There is no question but that during the time the grand jury remains in session, the reasons for secrecy continue. The problem arises as to whether there is a reason for the prolongation of this policy after the grand jury has been discharged and the defendant is actually on trial.

▉▉▉▉ From a practical standpoint, the second of the four reasons for secrecy, above given, is the only one that has any real application to this case. Wigmore, supra, § 2362(b), takes the sound position that the privilege contained in reason No. 2 is the privilege of the witness, and not of the state or the grand juror. This text further states that the secrecy is only temporary or provisional, and that were it more, it would create an opportunity for abuse. In any event, once the witness has testified publicly at the criminal trial, any privilege that he had with respect to his testimony on the same subject before the grand jury is lost. If the witness' testimony is the same in both instances, he cannot be subjected to any more discomfort or retaliation than he would have if he had testified only at the public trial. However, if his testimony varies to any considerable degree, he has forfeited the right to any claim of privilege.

In dealing with the question of the cessation of the privilege, Wigmore, supra, § 2363, states:

"It is now uniformly conceded that a witness may be impeached, in any subsequent trial civil or criminal, by self-contradictory testimony given by him before the grand jury."

This statement seems a little broad, inasmuch as many courts severely limit the right to the use of grand jury testimony by a defendant. This is on the basis that either the defendant must initially point out the contradiction before being allowed to use the testimony, or that the trial court should look over the grand jury testimony to determine, in its discretion, if the same is contradictory to that testified at the trial. This practice has apparently been approved by the United States Supreme Court in several cases, culminating in Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323. The decision in this case is to the effect that the defendants had failed to show a particularized need for the disclosure of the grand jury minutes, and had merely contended that they had a right to the transcript because it dealt with the general subject matter of the trial. In this case, there is a very convincing dissent by Mr. Justice Brennan, concurred in by three other justices, in which it is pointed out that the reason for secrecy no longer exists and that the sole purpose of the trial is to determine the truth; that therefore the defendants should have been allowed the tes-

timony to make their own determination as to whether or not there was impeaching or contradictory testimony given before the grand jury.

It is most difficult to understand how a defendant, who has never had access to testimony before a grand jury, can show a particularized need for such testimony, for it can only be after seeing the same that it can be determined whether there is a conflict. If the defendant has a right at all to see the grand jury testimony of a witness who is in the process of testifying at the trial, he should certainly have the right to make his own determination whether the prior testimony was conflicting or impeachable. This, of course, should be limited to the witness' testimony as to the specific offense, and should not be construed as granting to the defendant the right to examine all the grand jury testimony, and it is for this reason that the inspection of the trial judge may become necessary.

It would appear that the rule adopted by the New York courts is a sound one. The practice appears to be that if the district attorney uses the grand jury testimony during the trial, the defendant will be granted inspection. People v. Miller, 1931, 257 N. Y. 54, 177 N.E. 306; People v. Dales, 1955, 309 N.Y. 97, 127 N.E.2d 829; and People v. Nicoll, 4th Dept., 1956, 3 A.D.2d 64, 158 N.Y.S.2d 279. That jurisdiction also holds that the extent of inspection will be determined by the court according to the circumstances of each case, and that the defendant will be allowed to examine only the testimony of the witness that he wishes to cross-examine. People v. Dales, supra. See also Trafficante v. State, Fla.1957, 92 So.2d 811.

It would seem that for many years most of the jurisdictions, in both England and the United States, followed the rule as stated by Wigmore, supra, to a limited degree. See Wigmore, supra, note 1, § 2363; 3 Wharton's Criminal Evidence § 797; and annotation 12 Am.St.Rep. 918. However, since the adoption of the Federal Rules of Criminal Procedure, specifically 6(e), 18 U.S.C.A., and the decision in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, the federal courts have been called upon to rule upon various problems with respect to the disclosure of grand jury minutes. The Jencks case (dealing with production of reports, not grand jury minutes) raised what were considered new questions, although actually its decision merely solidified a practice which had at least been granted lip service for a long period of years. The Pittsburgh Plate Glass case, supra, is, to our view, a pronouncement as to the effect of rule 6(e), and should not be given any broader scope than as stated in the decision itself.

We do not have the Federal Rules of Criminal Procedure or rule 6(e) thereof,

and for this reason the federal cases are only helpful by analogy.

In the present case, the grand jury testimony is not a part of the record, and it is impossible to determine whether the defendant was actually prejudiced by the denial of access to the testimony of the two witnesses. As stated in defendant's brief, and not denied by the state, argument was made to the jury by the district attorney that the witnesses for the defendant were shown to have made contradictory statements before the grand jury, whereas witnesses for the state had not been shown to have done so. The defendant was denied the opportunity to show contradictory statements, if they existed; and we, of course, do not know whether they did or not. Common fairness would seem to indicate that the defendant should be accorded the opportunity to examine the transcript of the testimony of the witnesses when the same is used in the trial, and to utilize it, if desired, unless there is some statutory requirement that the information therein contained be kept secret.

Our statute, § 41–5–30, N.M.S.A., 1953 Comp., is a part of the section of the New Mexico law dealing with grand juries and the secrecy thereof, and provides as follows:

"A grand juror may, however, be required by the court, to disclose the testimony of any witnesses examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given before them, by any other person, upon a charge against him for perjury, or in giving his testimony, or upon his trial thereof."

We have held in United States v. Tallmadge, 1907, 14 N.M. 293, 91 P. 729, 20 Ann.Cas. 46, that the instances where grand jurors may testify are exclusive as set out in the statute. It is apparent to us that one of the principal purposes of the statute was to except from the secrecy rule the very situation that exists in this case. Were it otherwise, a person could testify before the grand jury and to something substantially different before the petit jury, unless the subsequent testimony ran counter to that which the district attorney wished to obtain, there would be no way for the defendant to submit the contradiction to the jury. After all, it is the policy of the law that the true purpose of a criminal trial is the ascertainment of the facts. The state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and, in particular, the state should have no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits.

It may be said that the statute only specifically mentions the testimony of a grand

juror, but we believe it would be agreed by all that the use of a transcript of the testimony presented before the grand jury is a much more accurate means of determining the exact testimony of a witness than would be to rely upon the recollection of one or more members of the grand jury.

We are of the opinion that the action of the trial court effectively precluded any possibility of defendant's demonstrating that he was prejudiced by his inability to inspect the pertinent grand jury testimony of the two witnesses for the state, and that, in such a situation, error must be presumed. Compare Jencks v. United States, supra, and People v. Stevenson, 1930, 103 Cal.App. 82, 284 P. 487, particularly at page 491, where the California Supreme Court added to the opinion of the District Court of Appeals. We, therefore, hold that the trial court erred in refusing to allow the defendant to inspect the transcript of the testimony before the grand jury of the two witnesses relied upon by the state. As was stated by the late Justice Cardozo, in People v. Miller, supra [257 N.Y. 54, 177 N.E. 307]:

"The district attorney might have refrained, if he had pleased, from asking the witness anything about her previous testimony. He was not at liberty, after exhibiting so much of it as was helpful to the people, to deprive the defendant of the privilege of exhibiting the residue."

The case will therefore be reversed, with direction to the trial court to set aside its judgment and to grant the defendant a new trial.

It is so ordered.

COMPTON, C. J., and MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.