380 P.2d 196

**STATE ex rel. Patrick F. HANAGAN, District Attorney in and for the Fifth Judicial District, Petitioner,**

**v.**

**Luis E. ARMIJO, District Judge in and for the Fourth Judicial District sitting in and for the Fifth Judicial District in and for Eddy County, Respondent.**

**No. 7317.**

Supreme Court of New Mexico.

March 27, 1963.

Patrick F. Hanagan, Dist. Atty., Roswell, C. N. Morris, Asst. Dist. Atty., Carlsbad, Jack Love, Asst. Dist. Atty., Lovington, for petitioner.

T. E. Lusk, John B. Walker, Carlsbad, for respondent.

CARMODY, Justice.

This is an original proceeding in prohibition. Relator claims that the respondent has no jurisdiction to allow a criminal defendant to perpetuate the testimony of the defendant's witnesses, and also that the respondent has no jurisdiction to reopen a preliminary hearing.

The facts of the case are briefly as follows: A preliminary hearing was commenced in a murder case before a district judge of the Fifth Judicial District sitting as a committing magistrate. The judge heard the state's evidence and one of the witnesses called by the defendant. However, the judge refused to allow the defendant to examine several other witnesses who were present, these actually being state's witnesses, but subpoenaed by the defendant. The judge ruled that the defendant was without a right at a preliminary hearing to examine these or, in effect, any defense witnesses. Thereafter, the defendant was bound over to the district court by oral order of the judge. Later, the state filed its information and the defendant was brought, for arraignment, before the respondent, who had been designated by the Chief Justice to try the case. At the commencement of the proceeding, the counsel for defendant declined to enter a plea, contending that a preliminary hearing as provided by law had been denied to the defendant, in that the committing magistrate had improperly limited the right to preserve testimony. A plea in abatement was made, asking the district judge to reopen the preliminary, and permit the taking of testimony of the defense witnesses who were present at this later time, although they were not the same witnesses whose testimony had been sought to be taken originally. The arraignment of the defendant was

postponed, pending a determination of the question presented by these prohibition proceedings.

The relator relies upon two points, (1) that the trial court is without jurisdiction to permit the perpetuation of the testimony of defense witnesses, and (2) that the respondent court is without jurisdiction to reopen the preliminary hearing. We will answer the questions in reverse order.

In the first instance, there is no question but that a trial judge has no authority to reopen a preliminary hearing. Our statutes provides that a preliminary examination will be conducted by a committing magistrate (§§ 41–3–1 to 41–3–14, N.M.S.A. 1953) and the arraignment and the trial will be had before the district court (§§ 41–3–12, 41–3–15 and 41–6–52, N.M.S.A. 1953). When the defendant appears for arraignment, he has the right to file a plea in abatement, if he has been denied a preliminary hearing, State v. Rogers, 1926, 31 N.M. 485, 247 P. 828. At that time, the court will examine the evidence in support of his plea in abatement and determine whether the proceedings against the defendant may continue, or whether the case against him must be dismissed for failure to accord him the right of preliminary hearing as provided by statute (§§ 41–3–1 to 41–3–14, N.M.S.A. 1953, and the Constitution, art. 2, § 14). There is no provision under any of our statutes allowing for the reopening of a preliminary hearing.

The procedure requested by the counsel for the defendant and threatened to be allowed by the respondent herein is not proper. Counsel for the respondent would argue that, inasmuch as respondent had the right to sustain a plea in abatement, therefore he could do less, as in this instance, and allow a reopening of the preliminary hearing and the taking of additional testimony. This is not in accordance with the statute. He must either deny the plea in abatement, or sustain the same. If sustained, the proper action is for the case to go back and commence again with another preliminary hearing. We have been cited to no statutes or case law which would authorize the trial judge, other than sustaining the plea in abatement, to do something less and allow the reopening of the case and the taking of additional testimony.

An equally compelling reason why the district judge may not reopen the preliminary hearing is that, with the filing of the information, there is no case pending before the committing magistrate. Thus, although in some cases the committing magistrate may be the district judge, he is no longer acting as a magistrate when the defendant is brought before him for arraignment. The two proceedings, i. e., the preliminary hearing and the trial, are separate and distinct, and the judge, even

though he may be the same individual, is acting in two entirely different capacities. It is as though there are two distinct courts and, once the jurisdiction of the district court attaches, the authority of the magistrate's court has ended, so that any nonperformance of the latter may not be completed by the former.

We fully recognize that what is suggested by counsel would perhaps save considerable time and money, and not necessitate a new preliminary hearing should the plea in abatement be granted; but in the absence of statute or any authority, we cannot approve of the same. We therefore hold that the trial court is without jurisdiction to reopen a preliminary hearing at the time of arraignment.

The other point raised by counsel is that the trial court is without jurisdiction to permit the perpetuation of the testimony of defense witnesses. With respect to this, there is no question but that under the common law, the defendant had no right to perpetuate the testimony or to take depositions of witnesses, either for or against him. In New Mexico, we have no statute nor any rule of court which authorizes the taking of depositions in a criminal case, and, therefore, the common law is still in effect on this subject.

It is worthy of note that the respondent specifically admits that there is no right to take depositions on the part of the defendant in a criminal case, so we need not answer this question with particularity.

Thus, in the present instance, the trial court was without jurisdiction to permit the taking of additional testimony, in the nature of a deposition. This is not to say, however, that at a preliminary hearing, the testimony of whatever witnesses the defendant wished to call was not proper. In the particular case before us, it is obvious that the respondent had no right to direct the reopening of the preliminary hearing in order to take the additional testimony, nor did he have any right to allow the deposition of defense witnesses to be taken.

Nonetheless, even though the writ of prohibition is perhaps a proper remedy in this particular instance, we would be remiss if we did not take note of the glaring error which has occurred and which must, of necessity, be corrected, if the defendant in this particular case is to have due process of law.

The situation which faced the trial court upon arraignment was that the defendant quite obviously had not had a proper preliminary hearing. This is what the respondent was attempting to rectify, even though improperly. An examination of the transcript taken at the preliminary hearing reveals that the magistrate apparently felt that one of the principal purposes of the preliminary hearing was to hear

## 54

*only* the testimony which the state offered. In this understanding, the magistrate was in error. Our statutes specifically provide that the defendant may call witnesses in his own defense at a preliminary hearing, and the magistrate must, if necessary, issue subpoenas to compel their appearance (§ 41–3–7, N.M.S.A. 1953). In State v. Rogers, supra, we said, at page 497, 247 P. at page 833, that a preliminary hearing contemplated "examination of a prisoner charged with a crime * * * and of the witnesses for the accused." Section 41–3–9, N.M.S.A. 1953, refers to "any witness for or against the prisoner." Section 41–3–12, N.M.S.A. 1953, requires that the committing magistrate examine "the whole matter." These statutory provisions will not permit a determination that probable cause has been established by hearing only the witnesses offered by the state, but if the defendant desires to submit proof, the magistrate must hear the same and determine probable cause from *all* the evidence. As we pointed out in State v. Alaniz, 1951, 55 N.M. 312, 232 P.2d 982, the statutory procedures prescribing the conduct of a preliminary hearing were designed to protect the rights of the accused, and it is only upon a full examination that probable cause may be found to exist and a defendant be bound over to the district court for trial. See also People v. Bucher, 1959, 175 Cal.App.2d 343, 346 P.2d 202. After all, a defendant may not be denied the right to explain before a magistrate, if he so desires (People ex rel. Beamish v. Reynolds, Sup., 1914, 32 N.Y.Cr.R. 323, 155 N.Y.S. 121), and certainly he has the right to call whatever witnesses he wishes to perform the same purpose.

It should be apparent that the magistrate at the preliminary hearing was in error in refusing to allow additional testimony and therefore the trial judge (respondent in this case) would be not following his duty if he failed to sustain the plea in abatement and remand the case for a full and complete preliminary hearing, at which time not only the state's testimony, but such testimony as the defendant wishes to present, if any, shall be considered by the magistrate.

The writ should be made permanent, the respondent prohibited from allowing the perpetuation of the testimony in the manner sought, and further prohibited from reopening the preliminary hearing. Otherwise, however, the respondent is directed to proceed in a manner not inconsistent herewith. It is so ordered.

COMPTON, C. J., and CHAVEZ, NOBLE and MOISE, JJ., concur.