393 P.2d 711

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Marvin VAUGHN, Roy E. LeDoux and John Edward Bostrom, Defendants-Appellants.**

**No. 7616.**

Supreme Court of New Mexico.

July 13, 1964.

Zerne P. Haning, III, Arthur H. Coleman, Santa Fe, for appellants.

Earl E. Hartley, Atty. Gen., Thomas A. Donnelly, Wayne C. Wolf, Asst. Attys. Gen., Santa Fe, for appellee.

NOBLE, Justice.

Defendants, Marvin Vaughn, Roy LeDoux and John Edward Bostrom, have appealed from the judgment and sentence of imprisonment for not less than two years nor more than life, following their conviction by a jury of escape from the state penitentiary.

Counsel was appointed in the district court to represent the defendants, jointly charged and tried. Prior to arraignment and trial, when their request for appointment of different counsel was denied, the defendants requested permission and did represent themselves at the trial in the district court. The trial judge, however, required appointed counsel to remain and be available during the trial to protect defendants' rights. Following their conviction by a jury and the judgment and sentence, newly-appointed counsel filed a motion to vacate the judgment and sentence because of the refusal to appoint counsel for defendants at the preliminary examination. The trial court entered its order denying the motion but made the following pertinent findings:

"2. That neither of the Defendants was advised by the Magistrate of his right to be represented by counsel at every stage of the proceedings.

"3. That the Defendants were not fully and adequately advised concerning their right to counsel.

"4. That neither of the Defendants intelligently waived his right to counsel at and during the Preliminary Examination.

"5. That on April 3, 1963, a Pre-Trial Conference was held in this case by the undersigned District Judge which was attended by Messrs. Chavez and Neel, Assistants District Attorney, each of the three Defendants and M. P. Gutierrez, Esquire, Court-appointed Counsel for each of the three Defendants, that during said Pre-Trial Conference and in the presence of the parties and the attorneys, the Court inquired of the Defendants and of their Counsel whether they had any objection to the proceedings at and during the Preliminary Hearing. Each Defendant, individually, answered that he had no objection to the Preliminary Hearing and their Attorney, Mr. Gutierrez answered that he had no objection on behalf of the Defendants to the proceedings before the examining Magistrate.

"The proceedings at the Pre-Trial Conference of April 3, referred to in the paragraph immediately foregoing have not been caused to appear of record heretofore but are shown on the handwritten notes of the Trial Judge made at the time and preserved and which have been exhibited to present Counsel for the Defendants."

■ It is no longer open to question that the Federal Constitution stands as a jurisdictional bar to a valid conviction and sentence of an indigent accused who is denied the right to representation by counsel at any critical stage of a criminal proceeding. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. A preliminary examination may be such a critical stage, Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193. Indeed, Art. II, Sec. 14 of the New Mexico Constitution provides that no person shall be held to answer to a felony information "without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

It is conceded that each defendant requested but was denied counsel at the preliminary hearing, but the attorney general strongly insists that the defendants expressly waived this constitutional right at a hearing in the district court prior to arraignment and trial. The district court so found.

This appeal thus presents two questions: (1) whether the right to representation by counsel at the preliminary examination may be waived by express act of the accused, after the fact, in the district court; and (2) whether the record shows a competent waiver by these defendants.

■ The first question involves one of the jurisdiction of the district court. We think it is clear that the effect of denying an accused a constitutional right at a preliminary hearing is the same as though there was no hearing. State ex rel. Hanagan v. Armijo, 72 N.M. 50, 380 P.2d 196. Defendants argue that absent a preliminary examination or its waiver, the district court never acquired jurisdiction of the case, and consequently there could not have been an effective waiver in the district court. We do not agree. District courts have jurisdiction of criminal cases, Constitution, Art. VI, § 13. The district court acquired jurisdiction of this case upon the filing of the information.

■ A state court is not commanded by the language of the Sixth Amendment to furnish counsel to a defendant in a criminal case as a matter of course, as is a federal court. Rather, the Sixth Amendment's guarantee of counsel at all critical stages of a criminal proceeding is of such a fundamental character and so essential

to a fair trial that it is made obligatory on state courts by the due process clause of the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, 93 A.L.R.2d 733. The right, however, is one which a defendant may refuse if he does so intelligently and understandingly. Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394. However, we find nothing in either the due process clause, nor in any decision which requires a remand to the magistrate's court to permit an accused to there waive his right to have a preliminary examination represented by counsel, rather than to waive the right in the district court to be so remanded. To require such a remand would clearly serve no useful purpose. An intelligent waiver of the right to remand just as effectively waives the right to the preliminary as does a waiver before the magistrate.

█ It should be noted, however, that the jurisdiction acquired at the beginning of the case may be lost "in the course of the proceeding" by failure of the court to remand for a preliminary examination when its absence is timely brought to the attention of the district court. Johnson v. Zerbst, supra.

█ The absence of either a preliminary examination or its intelligent waiver, or the denial of representation by counsel at such hearing, may be called to the attention of the court at any time prior to arraignment, by plea in abatement or in any other appropriate manner. State v. Rogers, 31 N.M. 485, 247 P. 828; State ex rel. Hanagan v. Armijo, supra; or the court may inquire into the proceedings before the magistrate on its own motion. When violation of a constitutional right in the proceedings before the magistrate is brought to the attention of the trial court and found to exist, the accused's right and the court's duty is to abate the information until there has been a proper preliminary examination, and remand the accused to the magistrate for such examination unless it be competently waived. State v. Bailey, 62 N.M. 111, 305 P.2d 725; State ex rel. Hanagan v. Armijo, supra. The district court does not lose jurisdiction of the information theretofore filed by abating it and remanding the accused to the magistrate for a proper preliminary hearing, nor is there any requirement for the filing of a new information after such new preliminary examination. State v. Bailey, supra.

If the district court has jurisdiction upon the filing of an information to inquire into the proceedings before the magistrate, and to abate an information and remand an accused who has not had a proper preliminary examination, it follows that such accused, at a hearing in the district court concerning a violation of his constitutional rights, may waive the right to be remanded for a new preliminary examination.

We are now brought to the question of whether, upon the record before us, there was a competent waiver by these defendants. The record here affirmatively shows that counsel was promptly appointed following the filing of the information in the trial court. He was a lawyer, not only with many years of experience in criminal trials, but one who had served both as assistant to and as district attorney.

By the order denying a new trial, the district court recited the fact of two inquiries or hearings prior to arraignment and trial, at which the proceedings before the magistrate were inquired into. It is unfortunate that a complete record was not kept of those hearings. At any rate, there is now no denial that those inquiries were made, nor that each defendant upon inquiry by the court answered that he had no objection to the preliminary examination. Furthermore, their court-appointed counsel likewise advised the court that there was no objection to the preliminary hearing. In view of the fact that defendants had the assistance of counsel at the first hearing before the trial judge on April 3, 1963, concerning the denial of counsel to them at the preliminary, and further had counsel's assistance for more than six months prior to the second hearing on November 13, 1963, it may be assumed that they not only knew of their constitutional right to have had the assistance of counsel at their preliminary examination, but had been advised as well concerning their right to have the information abated and the case remanded to the magistrate's court for a preliminary examination at which they were represented by counsel. State v. Garcia, supra; Orr v. State, 200 Ind. 27, 161 N.E. 269.

The fact that defendants were represented by an attorney at the two widely-separated hearings in the district court, at which the question of the preliminary examination was inquired into, places an entirely different light upon their statements of no objection to the preliminary hearing than if the same statements had been made without the advice of counsel. That defendants themselves, as well as their counsel, advised the court that they had no objection to the preliminary that was granted to them was tantamount to refusing the right to be remanded to the magistrate. We think this is not a case of assuming a conclusive waiver from a silent record, but rather one where the record discloses an express waiver by the accused.

Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367, not only recognized the right of an accused to waive the services of an attorney but also recognized that even though the Fourteenth Amendment does not permit a conclusive presumption of waiver from the silence of the record, affirmative acts of an accused, such as the entry of a plea of guilty, may raise a fact issue as to whether the accused had intelligently and understandingly waived his constitutional right. The United States

Supreme Court there required a hearing on the question of waiver where there was such a fact issue.

Moreover, an accused who has expressly waived the right to remand to the magistrate has an obligation not imposed upon one who did not affirmatively waive. In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, Mr. Justice Brennan, speaking for the court, agreed that "[p]resuming waiver from a silent record is impermissible," but he reviewed and approved the prior holding of that court in Moore v. Michigan, supra, where it was said that when the record discloses that the accused has expressly declined an offer of counsel, he must carry the burden of proving by a preponderance of the evidence that his acquiescence was not understandingly and intelligently given. See, also, Johnson v. Zerbst, supra. Carnley emphasized the fact that the burden of going forward is not imposed upon an accused "unless the record—or a hearing, where required—reveals his affirmative acquiescence." In our view, the record here does reveal the affirmative acquiescence of these defendants in the preliminary examination. Not having offered evidence of a lack of intelligent waiver at least at the time of hearing on the motion for new trial, they cannot now be heard to complain. Manifestly, a defendant in a criminal case may not affirmatively acquiesce in the proceeding had before the magistrate, proceed to trial on the information, and, if convicted, stand upon his assertion of a denial of a constitutional right, without proof that such affirmative acquiescence was not competently made. Especially is this true when such waiver was made with the advice and assistance of experienced counsel.

We are not impressed by the argument that the inquiry regarding the proceedings at the preliminary examination was at a hearing termed a "pre-trial conference," for which there is no specific provision of rule or statute. To our minds, since the trial court was required to inquire into such proceedings if brought to his attention, it makes no difference what the inquiry or hearing is termed.

The judgment and sentence appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

MOISE, J., not participating.