432 P.2d 415

**STATE of New Mexico, Petitioner,**

v.

**Paul TACKETT, District Judge of the First Judicial District sitting by designation, Respondent.**

**No. 8438.**

Supreme Court of New Mexico.

Sept. 11, 1967.

Rehearing Denied Oct. 24, 1967.

, Alfonso G. Sanchez, Dist. Atty., E. E. Chavez, Arthur H. Coleman, Asst. Dist. Attys., for petitioner.

Elaine F. Hatch, Bertrand B. Prince, Edward T. Johnson, Anthony J. Albert, James E. Thomson, Santa Fe, for respondent.

## OPINION

CARMODY, Justice.

The question before us in this original prohibition proceeding relates to the validity of the trial court's orders requiring the district attorney to furnish to various defendants testimony of witnesses given before a grand jury, police reports with respect to the alleged offenses, and statements of witnesses other than those of the repective defendants.

Respondent district judge was designated to preside in ten criminal cases, based upon grand jury indictments. Some of the defendants (but not all in the several cases in which there were multiple defendants) moved, prior to arraignment, for discovery of certain information and to require the furnishing of the transcript of the grand jury testimony of all witnesses who testified against the various moving defendants. The district attorney agreed to make available much of the requested information, such as a copy of any confessions or admissions, doctors' reports, copies of "rap sheets" of certain defendants, and to allow counsel for the defendant to view diagrams and physical demonstrative evidence, if any. However, the district attorney objected to furnishing (1) the grand jury testimony, (2) copies of police reports, and (3) written statements of the state's witnesses endorsed upon the indictment. The trial court ordered that the objected-to material be fur-

nished, on the stated basis that "a defendant in a criminal case in New Mexico is entitled to same to enable him to prepare his defense and give him information he is entitled to under law, * * *."

█ At the same time as filing his answer to the writ, respondent, by motion, questioned the sufficiency of the petition on several grounds, most of which are concerned with the form of the petition and writ. With perhaps one exception, none of the attacks are such as could not easily be corrected, either by interlineation or the filing of a new case, and because of the statewide importance of the problems involved, we hold that the petition and alternative writ sufficiently present the issues for our determination. The only ground that might have some merit is to the effect that the alternative writ interferes with the discretion of the trial court and should therefore be quashed. As to this ground, it is unavailing, for it is apparent that respondent considered that the defendants, as a matter of law, were entitled to the information, and it is obvious that no discretion was exercised. Compare Sproles v. McDonald, 1962, 70 N. M. 168, 372 P.2d 122.

Proceeding, then, to the merits, we first consider whether, in advance of trial, those defendants who made the motions are entitled to a transcript of the testimony of all witnesses who testified before the grand jury with respect to the criminal charge out of which the indictments arose.

The New Mexico statute relating to the testimony of witnesses before a grand jury is § 41–5–30, N.M.S.A.1953, and reads as follows:

"A grand juror may, however, be required by the court, to disclose the testimony of any witnesses examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given before them, by any other person, upon a charge against him for perjury, or in giving his testimony, or upon his trial thereof."

█ In State v. Morgan, 1960, 67 N.M. 287, 354 P.2d 1002, we determined that where the prosecutor used grand jury testimony at the trial, the defendant should be permitted to examine the grand jury testimony of that witness for the purpose of cross-examination. We see no reason why the rule beyond that enunciated in Morgan should be extended and decline to do so. See also United States v. Tallmadge, 1907, 14 N.M. 293, 91 P. 729, 20 Ann.Cas. 46.

Although counsel strongly relies on Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, we do not construe that decision as requiring any other result than that which we now reach. In Dennis, the case was reversed because the petitioners there were denied the right *at the trial* to examine the grand jury testimony of four government witnesses. We would observe that the Dennis decision is in part based upon Rule 6(e) of the Federal Rules of Criminal Procedure, which grants to the trial court power to direct disclosure of grand jury testimony "preliminarily to or in connection with a judicial proceeding." New Mexico has no comparable rule.

Two of our neighboring states have very recently ruled upon the question which we are considering. In State v. Faux, 1959, 9 Utah 2d 350, 345 P.2d 186, the Supreme Court of Utah, by a three-to-two decision, permitted pretrial examination of the grand jury testimony. This decision, however, loses a great deal of its force, not only because of the well-reasoned dissents but because of the differences between the Utah and the New Mexico statutes. We doubt if it is appropriate to announce in an opinion involving but one case such a radical departure from the age-old practice of grand jury secrecy which would apply to all criminal cases. Such a change should be made only after thorough study by the bench and bar of the constitutional and practical aspects of the basic fundamental questions involved. Apparently Utah, as is true in New Mexico, had not seen fit to adopt by rule a procedure applicable to all cases relaxing the rule of secrecy of

grand jury proceedings such as has been done not only by Federal Rule of Criminal Procedure 6(e) but in several states, including but not limited to Arizona, California and Missouri. See, 69 Yale L.J. 1149, 1184 (note 116) (1960).

In State ex rel. Ronan v. Superior Court in and for County of Maricopa, 1964, 95 Ariz. 319, 390 P.2d 109, the Supreme Court of Arizona, in a very thorough and exhaustive opinion on the subject, declined to allow defendants access to grand jury testimony on a wholesale basis, even though Arizona had, by rule, permitted a limited relaxation of the traditional principle of grand jury secrecy. The Arizona rule (Rule 107, 17 A.R.S. Rules of Criminal Procedure) permits the discovery of grand jury testimony under three circumstances, (1) after a witness has testified at the trial to determine if his testimony is consistent with that given before the grand jury, (2) where the witness is charged with perjury, and (3) when permitted by the court in furtherance of justice. The Arizona court approved of the "particularized need" interpretation and stated:

"A 'particularized need' which in the furtherance of justice would authorize a trial judge to make available to the defendant a transcript of testimony, must be shown by facts and circumstances which demonstrate that unless such relief is forthcoming, the defendant will, in some manner, be prejudiced, or his legal rights adversely affected. Under the law as it exists today, as set forth in this opinion, the defendant is not entitled to a transcript of testimony of any witness solely because he wants to find out what the witness said. To grant him such privilege is not in the 'furtherance of justice' because the public interest in preservation of secrecy outweighs the defendant's interest in discovery."

This statement has our approval, although we do not mean to imply that we are thereby adopting the Arizona rule. Here the defendants have failed to show any "particularized need" such as would justify making the grand jury transcript available. See also Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323, which, as in the Dennis case, involved an application of Rule 6 (e) of the Federal Rules of Criminal Procedure.

■ We proceed to consideration of those portions of respondent's orders requiring the district attorney to furnish police reports and the statements of witnesses. Here, again, we believe the respondent has misconstrued the requirements of the law, for there is no showing of any unusual circumstances by which the defendants might be entitled to examine such reports and statements. It appears obvious that defense counsel wished to examine everything in the files, hoping by such a "fishing expedition" that something could be discovered. We do not believe that such a general request is sufficient justification for the trial court in entering the order which it did.

■ It is generally held that for an accused to be granted the right to inspect evidence in the possession of the prosecution, he must show something more than a mere desire for all the information obtained by the prosecution. See, State v. Superior Court, 1965, 106 N.H. 228, 208 A.2d 832, 7 A.L.R.3d 1; Rosier v. People, 1952, 126 Colo. 82, 247 P.2d 448; and Annot., 7 A.L.R. 3d 8, § 7. In particular, production of the state's evidence is not allowed for exploratory purposes, People v. Leahey, 1960, 26 Misc.2d 438, 207 N.Y.S.2d 619, or for the purpose of prying into the state's preparation of the case for trial, State v. Simon (Mo.1964), 375 S.W.2d 102; State v. Aubuchon (Mo.1964), 381 S.W.2d 807; People v. Calandrillo (1961), 29 Misc.2d 491, 215 N.Y.S.2d 361. A defendant's motion for production must be based upon facts, not conclusions, State v. Brown, 1950, 360 Mo. 104, 227 S.W.2d 646, or mere surmise and conjecture, People v. Gatti, 1938, 167 Misc. 545, 4 N.Y.S.2d 130, and a blanket request will not be granted, because the

defendant has no right to examine the state's evidence merely in the hope that something will turn up to aid him, State v. Wallace, 1965, 97 Ariz. 296, 399 P.2d 909; Walker v. Superior Court of Mendocino County, 1957, 155 Cal.App.2d 134, 317 P.2d 130; Rosier v. People, supra; State v. Stump, 1963, 254 Iowa 1181, 119 N.W.2d 210 cert. den. 375 U.S. 853, 84 S. Ct. 113, 11 L.Ed.2d 80; State ex rel. Keast v. District Court of Fourth Judicial Dist. of State of Montana, In and for Missoula County, 1959, 135 Mont. 545, 342 P.2d 1071; Linder v. State, 1953, 156 Neb. 504, 56 N.W.2d 734; State v. Goldberg, 1964, 261 N.C. 181, 134 S.E.2d 334, cert. den. 377 U.S. 978, 84 S.Ct. 1884, 12 L.Ed.2d 747, and Melchor v. State (1965, Okl.Cr.App.), 404 P.2d 63.

The rule is well stated in State v. Wallace, supra, wherein the court quoted from State ex rel. Mahoney v. Superior Court of Maricopa County, 1954, 78 Ariz. 74, 275 P.2d 887, 890 as follows:

> "The defense has no right to go upon a tour of investigation, in the hope that they will find something to aid them, * * * and if it appears that the request for such an inspection is merely 'a fishing expedition to see what may turn up' it should be denied."

See also State v. McCall (Fla.App. 1966), 186 So.2d 324, and State v. Dickson, 1965, 248 La. 500, 180 So.2d 403.

Two recent New Mexico cases, Trimble v. State, 1965, 75 N.M. 183, 402 P.2d 162, and State v. Gomez, 1965, 75 N.M. 545, 408 P.2d 48, concerned matters occurring at trial and are therefore not applicable.

We are not unmindful of recent cases from the Supreme Court of the United States, i. e., Brady v. State of Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; Giles v. Maryland, 1967, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737; and Miller v. Pate, 1967, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690, and fully realize the burden under which the prosecution is placed, should it later be discovered that there had been a suppression of evidence which would have materially aided a defendant's case. Compare, State v. Morris, 1961, 69 N.M. 244, 365 P.2d 668.

The necessity for the adoption in New Mexico of a rule somewhat similar to Rule 16, Federal Rules of Criminal Procedure, becomes apparent because of the ramifications of the above-mentioned decisions as to possible violations of the due process clause. However, we agree with Mr. Justice Harlan in his dissent in Giles v. State of Maryland, supra, wherein he said, with three other justices concurring:

> "Issues of the obligatory disclosure of information ultimately raise fundamental questions of the proper nature and characteristics of the criminal trial. These questions surely are entirely too important for this Court to implant in our laws by constitutional decree answers which, without full study, might appear warranted in a particular case. There are few areas which call more for prudent experimentation and continuing study."

The alternative writ heretofore issued will be made permanent.

It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and COMPTON, JJ., concur.