451 P.2d 567

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jesus Esteban MASCARENAS, Defendant-Appellant.**

**No. 202.**

Court of Appeals of New Mexico.

Dec. 13, 1968.

Rehearing Denied Dec. 27, 1968.

Certiorari Granted Jan. 21, 1969.

G. Gordon Robertson, Robertson & Robertson, Raton, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

ARMIJO, Judge.

Appellant was tried and convicted of voluntary manslaughter. In his bid to overturn the conviction he questions the adequacy of the preliminary hearing and claims his right to cross-examine under § 41–3–8, N.M.S.A. 1953 (repl. vol. 6, 1964) was denied because of the examining magistrate's refusal of his demand to examine, for possible use on cross-examination, the prior written statement given by a state's witness.

This appeal follows an adverse ruling of the trial court on appellant's motion in abatement prior to arraignment. State ex rel. Hanagan v. Armijo, 72 N.M. 50, 380 P.2d 196 (1963); State v. Rogers, 31 N.M. 485, 247 P. 828 (1926).

At the hearing on the motion for abatement the trial court found:

"1. At the preliminary hearing on March 28, 1967, the witness Joe B. Casados, a police officer of the City of Raton, testified that he had in his possession in the courtroom signed statements taken from the following persons: Gaylon Montieth, Vicky Zakovich, Gary Lewis, Betty Brown, Steve Forsythe, Celeste Vigil, Joe Mondragon, Joseph Romero, Emilia Segura, Richard Gonzales, Margaret Flores, Leo Vigil, Jr., and Art Cruz, Alex Georgieff, John Wayne Padilla and Frederic William Tapia. Defendant asked to examine these statements.

The District Attorney objected to the request. The Justice of the Peace sustained the objection and refused to permit the defendant and his attorney to examine any of the statements.

"2. Alex Georgieff, one of the persons whose statements had been requested, was called as a witness for the State at the preliminary hearing. The defendant specifically requested that he be permitted to examine the statement of the said Alex Georgieff for possible use on cross-examination at the preliminary hearing. Upon objection by the District Attorney the Justice of the Peace denied this request; and the defendant's cross-examination of the said Alex Georgieff was conducted without knowledge by the defendant or his counsel as to the contents of said written statement."

"3. Defendant specifically requested that all of the other statements above mentioned be furnished to the defendant and his attorney in order that they might determine whether said persons, or any of them, should be called as witnesses for the defendant at the preliminary hearing. This request was also denied."

The record before us does not show whether the State on direct examination of Georgieff at the preliminary hearing, made any reference to or used in any way his prior statement. There is therefore, nothing to show whether appellant was entitled to the statement under State v. Morgan, 67 N.M. 287, 354 P.2d 1002 (1960), compare State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965).

In considering the propriety of an order requiring the state to deliver, to persons accused of crime, statements of witnesses in advance of trial it was stated in State v. Tackett, 78 N.M. 450, 432 P.2d 415, 20 A. L.R.3d 1 (1967):

"* * * Here, again, we believe the respondent has misconstrued the requirements of the law, for there is no showing of any unusual circumstances by which the defendants might be entitled to examine such reports and statements.

* * * * * *

"It is generally held that for an accused to be granted the right to inspect evidence in the possession of the prosecution, he must show something more than a mere desire for all the information obtained by the prosecution. See, State v. Superior Court, 1965, 106 N.H. 228, 208 A.2d 832, 7 A.L.R.3d 1; Rosier v. People, 1952, 126 Colo. 82, 247 P.2d 448; and Annot., 7 A.L.R.3d 8, § 7. In particular, production of the state's evidence is not allowed for exploratory purposes, People v. Leahey, 1960, 26 Misc.2d 438, 207 N.Y.S.2d 619 * * *."

■ We think this ruling controls the issue here raised, especially in view of the fact that the record before us fails to show any unusual circumstances by which appellant might be entitled to examine the Georgieff statement. Appellant had no right to examine the statement in the hope something would turn up to aid him. State v. Tackett, supra.

■ We need not consider Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957) urged upon us by appellant, or the Jencks Act, 18 U.S.C. § 3500, because of their inapplicability to state proceedings, Hill v. Crouse, 360 F.2d 603 (10th Cir.1966).

Appellant also cites State v. Archer, 32 N.M. 319, 255 P. 396 (1927) and State v. Halsey, 34 N.M. 223, 279 P. 945 (1929). These cases may be distinguished because they dealt with the refusal to permit cross-examination of the witness concerning a statement and not with defense counsel's right to examine a written statement of a witness. State v. Halsey, supra, speaks clearly of the situation in State v. Archer, supra:

"* * * A careful reading of our opinion on the former appeal discloses that in the first trial a controversy arose between opposing counsel over the right of defendant's attorneys to see and examine a written statement Teel had given the district attorney. The latter refused to produce it, and the court on motions by

cach side, struck out all reference to it. There the matter stood, as though it had never arisen. Appellant's counsel, however, next demanded the right to cross-examine the witness about this statement, which they had never seen. The court refused to permit this, for which we reversed the case. So it is manifest that it was the limitation of the right to cross-examine the witness Teel in the former trial, and not the refusal to produce the written statement, which caused the reversal. * * *"

Appellant places strong reliance on State ex rel. Hanagan v. Armijo, supra, and urges that it is controlling upon us. We disagree. An issue in that case was the denial by the examining magistrate of the accused's right to call certain witnesses. No such issue is before us. The record discloses the police officer named the persons who had given statements. It was for appellant to decide if such persons should be called. No denial of appellant's right to call witnesses is shown by the record.

As previously pointed out the record before us is insufficient to enable us to say, as a matter of law, the trial court's ruling was in error.

We conclude the request made for the statement of Georgieff, for possible use on cross-examination, is not in itself, and without a showing of additional circumstances, a sufficient reason to justify granting such a request.

We affirm the judgment.

It is so ordered.

OMAN and WOOD, JJ., concur.