458 P.2d 789

Jesus Esteban **MASCARENAS**, Petitioner,

v.

**STATE** of New Mexico, Respondent.

No. 8788.

Supreme Court of New Mexico.

Sept. 15, 1969.

**538**

G. Gordon Robertson, Raton, for petitioner.

James A. Maloney, Atty. Gen., Ray H. Shollenbarger, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

NOBLE, Chief Justice.

Petitioner was tried and convicted of voluntary manslaughter. His conviction was affirmed in State v. Mascarenas, 80 N.M. 74, 451 P.2d 567 (Ct.App. 1968). He seeks review of that decision under two points asserted:

(1) Does the defendant's statutory right of cross-examination at a preliminary hearing include the right to inspect the prior written statement of a witness called by the state; and if so,

(2) Does the magistrate's erroneous denial of a defendant's statutory right of cross-examination vitiate the entire preliminary hearing so as to preclude a subsequent prosecution by information based thereon?

The magistrate denied petitioner's request to examine, in connection with cross-examination, a previous written statement made by a witness called to testify at his preliminary examination. The petitioner here (defendant below) filed a plea in abatement in the district court prior to his arraignment, contending that he had been denied a preliminary examination.

In seeking review of the decision of the Court of Appeals, petitioner asserts that the decision of that court conflicts with our decisions in State ex rel. Hanagan v. Armijo, 72 N.M. 50, 380 P.2d 196; State v. Morgan, 67 N.M. 287, 354 P.2d 1002; and State v. Archer, 32 N.M. 319, 255 P. 396. See also State v. Tackett, 78 N.M. 450, 432 P.2d 415.

■ The real issue in this case involves one of the jurisdiction of the district court. New Mexico Constitution, art. II, § 14, requires a preliminary examination before an examining magistrate, or its waiver, as a prerequisite to holding any person on a criminal information. It is settled in this jurisdiction that the effect of denying an accused a constitutional right at a preliminary examination is the same as though there had been no hearing. State v. Vaughn, 74 N.M. 365, 393 P.2d 711; State ex rel. Hanagan v. Armijo, supra. In State v. Vaughn, supra, we held that even though the district court acquires jurisdiction of a criminal case upon the filing of the information, that jurisdiction originally acquired "may be lost 'in the course of the proceeding' by failure of the court to remand for a preliminary examination when its absence is timely brought to the attention of the district court." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; State v. Rogers, 31 N.M. 485, 247 P. 828.

The precise question involved here is one of first impression in this court. However, in State ex rel. Hanagan v. Armijo, supra, we held that denial of the right of a defendant to call witnesses in his behalf, at a preliminary examination, was error which required the trial judge to sustain a plea in abatement for a full and complete preliminary examination.

■ It will be noted that art. II, § 14 of the State Constitution guarantees to an

accused in a criminal prosecution the right to be confronted with the witnesses against him. As early as State v. Archer, supra, we held that it was error in the trial of a criminal case to deny an accused the right to cross-examine a witness concerning a prior written statement made by him. The denial of the right of an accused to fully cross-examine a hostile witness deprives him of the right guaranteed by the constitution "to be confronted with the witnesses against him." State v. Halsey, 34 N.M. 223, 279 P. 945.

The question of an accused's right to inspect the prior written statements of witnesses to be used by the prosecution at a criminal trial was considered at length by the Supreme Court of the United States in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, where the defendant requested a right to inspect reports of two government witnesses made to the Federal Bureau of Investigation concerning conversations with the accused. Inspection of the reports was denied upon the ground that a foundation had not been laid of inconsistency between the contents of the reports and the testimony of the witnesses. The Supreme Court reversed the trial court and the Court of Appeals, holding that an accused is not required to lay a foundation of inconsistency. Jencks quoted with approval from Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447, where it was said that the necessary foundations are that:

> "'[t]he demand was for production of * * * *specific documents and did not propose any broad or blind fishing expedition* among documents possessed by the Government on the chance that something impeaching might turn up. Nor was this a demand for statements taken from persons or informants not offered as witnesses.'"

In Jencks, the court said that requiring the accused to first show conflict between the prior statement and the testimony is actually to deny the accused evidence relevant and material to his defense. It was there pointed out that the accused is helpless to know or discover conflicts without inspecting the prior statements. Jencks overruled the holding in Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322, that the trial judge in the exercise of discretion may deny an accused inspection when the witness does not use the memoranda or statements in court. Jencks also disapproved the practice of permitting the government to produce documents to the trial judge for his determination of relevancy and materiality. The court held that relevancy and materiality for purposes of inspection, for possible use in cross-examination, are established when the statements are shown to relate to the testimony of the witness.

Notwithstanding the holding of many courts that Jencks has application only to federal courts and does not control state courts, see 7 A.L.R.3d 181, 207, in our view the reasoning of Jencks is particularly applicable to the facts of the instant case, and to that extent is persuasive here. It it likewise true, as we pointed out in State v. Morgan, supra, that we have no rule of procedure comparable to Federal Rule of Criminal Procedure 6(c), but in our view the reasoning of Jencks does not rest solely upon any rule of procedure.

We call attention that in Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923, the Supreme Court of the United States confirmed "that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him," and that this right is secured by the sixth amendment. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100. Pointer gave as the reason that, "a major reason underlying the constitutional confrontation rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him." The doctrine of Pointer was applied in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934. These cases hold that the right of cross-

examination by an accused is one secured by the sixth amendment, and that the doctrine is made applicable to practice in state courts under the fourteenth amendment. See Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965).

We recognize that both Jencks and our own decisions were concerned with the denial of an accused's request to inspect prior statements of a person being used as a hostile witness in the trial of a criminal case—not the denial of such right at a preliminary examination. This case turns on whether the preliminary examination is a part of a criminal prosecution. Article II, § 14 of the New Mexico Constitution provides that no person shall be held to answer for a capital, felonious or infamous crime unless on indictment of a grand jury, or information, and with respect to informations provides:

"* * *. No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

And further specifically requires:

"In all criminal prosecutions, the accused shall have the right * * * to be confronted with the witnesses against him * * *."

Having held that denial of the right to fully cross-examine a hostile witness in a criminal prosecution deprives an accused of the constitutional right "to be confronted with the witnesses against him," State v. Halsey, supra; State v. Archer, supra, it follows that if the preliminary examination is a part of the criminal prosecution, denial of that right amounts to the denial of a preliminary examination and the court was without jurisdiction to proceed with the trial based upon an information. See State v. Vaughn, supra.

■ The term "criminal prosecution" as used in the constitution means the criminal "proceedings." Roget's International Thesaurus Sec. 969.1. Webster's Third New International Dictionary, at 1820, defines the term as:

"4a * * * the institution and continuance of a criminal suit involving the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them to final judgment. * * *"

A criminal prosecution is commenced when a criminal complaint is filed with a magistrate and a warrant issued thereon. Hicks v. State, 54 Okl.Cr. 431, 23 P.2d 219 (1933), and State v. Waldrep, 80 Okl.Cr. 230, 158 P.2d 368, 371 (1945). See also State v. Woolworth, 148 Kan. 180, 81 P.2d 43, 47.

■ When the constitution grants to an accused the right to be confronted by the witness against him, it grants that right at all of the criminal proceedings, including the preliminary examination.

■ It is apparent to us that when it is made to appear that a witness called to testify by the state in a preliminary examination has made a prior written statement concerning the matter about which he is called to testify, the accused is entitled to an order directing the prosecution to produce for inspection all statements or reports of such witness in its possession touching the events about which the witness will testify. Any other result would be to deny the accused his constitutional right to confront the witnesses against him.

Certainly, in view of our holding in State ex rel. Hanagan v. Armijo, supra, the refusal to permit inspection of a prior written statement by a witness who has been called to testify by the state denies to an accused the right of effective cross-examination of the witness and, accordingly, has the same effect as though he were denied a preliminary examination. State v. Vaughn, supra; State v. Gomez, 75 N.M. 545, 549, 408 P.2d 48.

It follows that both the trial court and the Court of Appeals were in error. The decision of the Court of Appeals is reversed with direction to vacate the opinion therein, to issue its mandate to the trial court directing that court to vacate and set aside the verdict of the jury and the sentence imposed pursuant thereto, to grant the plea in abatement and direct a new preliminary

examination of the defendant, and to proceed in a manner not inconsistent with this opinion.

It is so ordered.

MOISE, COMPTON, TACKETT, and WATSON, JJ., concur.