18 P.(2d) 1024

**MOZLEY et al. v. HELMICK, District Judge, et al.**

No. 3750.

Supreme Court of New Mexico.

Jan. 30, 1933.

Joseph Gill, of Albuquerque, for petitioners.

Geo. C. Taylor, of Albuquerque, for respondents.

SADLER, J.

This is an original proceeding in this court for writ of prohibition directed to Milton J. Helmick, as Judge of the district court of Bernalillo county, J. S. Brown Mercantile Company, Cudabac & Co., and George Potteiger, as respondents, to restrain respondents from further proceeding in a certain cause pending in the district court of said county. Upon the filing of the petition herein, the alternative writ was issued, and now, after the filing of briefs and the presentation of arguments, the matter is before us for final disposition.

The facts out of which the proceeding arises, as disclosed by the petition for prohibition and returns thereto, are these: In a suit distinct from that in which proceedings are sought to be restrained by prohibition, one Charles A. Mozley, as plaintiff, recovered personal judgment against George Potteiger, as defendant, with foreclosure of a mechanic's lien on lot 2 in block 8 of the Alvarado addition to the city of Albuquerque. This judgment was signed and entered on August 31, 1931. It authorized immediate execution upon the money award contained therein, allowed $50 as attorney's fees to plaintiff for services of his attorney in foreclosing the mechanic's lien, and in accordance with the statute applicable, section 1 of chapter 149, New Mexico Session Laws of 1931, contained a stay order against the sale under the foreclosure for the period of sixty days from entry of the judgment.

On October 1, 1931, more than thirty days after entry of the aforesaid judgment, the defendant filed a motion in the cause to set aside said judgment, urging in support thereof, among other things, that the court had improperly rendered personal judgment for attorney's fees; that the warrant for immediate execution on the personal judgment of which plaintiff was seeking to avail himself by a levy on certain personal property of defendant was wholly inconsistent with, and contradictory to, the sixty-day stay order upon the sale under foreclosure contained in the same judgment.

After hearing on the motion, and on October 8, 1931, the court, upon the ground that the claimed irreconcilable and contradictory provisions in the judgment constituted an irregularity, entered its order vacating said judgment "for the purpose of entering a correct decree herein," and as a part of the same order recalled the execution issued upon said judgment, and declared the same void.

Thereupon the plaintiff Mozley prayed and was granted an appeal to the Supreme Court from the order setting aside said judgment, with supersedeas in the sum of $800, which was furnished, the appeal order being conditioned that plaintiff, after filing supersedeas, might proceed with his execution theretofore levied. The appeal was duly prosecuted in this court, and our decision in the cause entitled Mozley v. Potteiger, 37 N. M. 91, 18 P. (2d) 1021, is handed down contemporaneously with this opinion.

The foregoing recitals portray the status of the suit of Mozley v. Potteiger, with one possible exception, at the time of the institution of the suit in which proceedings are herein sought to be prohibited. The possible exception mentioned is this: Presumably the plaintiff Mozley, through his attorney, was proceeding to advertise an execution sale of the property levied upon as aforesaid. Thereupon Potteiger, the defendant in the above-mentioned suit, joined by J. S. Brown Mercantile Company and Cudabac & Co., as coplaintiffs, instituted a separate suit in the district court of Bernalillo county against said Charles A. Mozley, Joseph Gill, as his attorney and claimed assignee, and Felipe Zamora, as sheriff of said county, seeking an injunction to restrain the execution sale about to be held under the authority of the judgment entered in the suit first above mentioned. As a predicate for the relief prayed, the judgment in said suit was attacked upon substantially the same grounds urged in support of the motion to set the same aside as above recited. In addition thereto, it was alleged that certain personal property with title reserved to Cudabac & Co. under conditional sales contract, and certain other personal property upon which J. S. Brown Mercantile Company claimed a lien under chattel mortgage, both the conditional sales contract and the chattel mortgage assertedly being duly filed with the county clerk of said county, had been seized under the writ of execution by the sheriff of said county, and that such officer was about to expose said property for sale and sell the same in violation of the

rights of the holders under such instruments. As a further basis for equitable relief, it was asserted that the execution -had been levied upon certain real estate, ownership not fixed, but including the lot against which the mechanic's lien had been foreclosed in the first suit, and that a cloud thus was threatened upon the title to said real estate.

As above noted, the plaintiffs prayed that the decree entered in the first suit be declared null and void; or, in the alternative, that the court recall and cancel said execution, and that defendants be restrained from proceeding further thereunder.

Upon the filing of such complaint, the court issued an order to show cause against the defendants named therein. The defendants appeared and demurred to the complaint upon grounds, among others, that the judgment sought to be vacated was impervious to collateral attack, and because an appeal had been taken to this court from the order vacating said judgment. The trial court pending hearing on the demurrer, and evidently in the hope that the parties might come to an amicable settlement without a hearing, by various interlocutory orders postponed the execution sale from time to time, the last postponement being to November 30, 1931. Prior to the hour of sale and on the last-mentioned date, prohibition was applied for in this court and the alternative writ issued as hereinabove shown.

The sole question for determination by us is whether the district court of Bernalillo county was proceeding within its jurisdic-

tion in entertaining and hearing the plaintiffs' complaint for injunction in the last-mentioned suit. If it was, then we are powerless to restrain it by prohibition. If it was not, we will, upon a proper showing, issue the writ.

In resolving this question, we are confronted with a peculiar situation, in this: Potteiger, one of the coplaintiffs in the second suit, is the judgment defendant in the first suit now pending here on appeal. A serious question arises, viz., whether, as to Potteiger, the district court of Bernalillo county was not by virtue of the appeal divested of all jurisdiction touching the issues in that cause which as a coplaintiff he seeks again to raise in the second suit. See Floersheim v. Board of Commissioners of Harding County, 28 N. M. 330, 212 P. 451; Crabtree v. Board of County Commissioners (N. M.) 18 P.(2d) 657,[1] just decided. In fact, for the purposes of this opinion, we shall assume that, were the second suit prosecuted solely by him as plaintiff, the district court would be without jurisdiction to entertain it. This still leaves for determination the jurisdiction of the district court to entertain the suit at the instance of Potteiger's coplaintiffs.

Overlooking for present considerations the obviously improper joinder of parties and causes of action disclosed by said complaint, which point is not raised by the demurrer filed thereto, we think there can be no doubt of the district court's power to entertain a suit for injunction at the instance of plaintiffs, J. S. Brown Mercantile Company and Cudabac & Co., to restrain the sale of property claimed to belong to plaintiffs, yet levied upon and about to be sold as the property of Potteiger. These two plaintiffs were not parties to the other suit, and are not bound by the judgment rendered therein.

We speak here of jurisdiction only in the broad sense of the court's power to entertain and hear a suit of this kind. We intimate no opinion on whether a sufficient showing for equitable relief has or can be made since the question is not before us. It is the function of the trial court to determine that very question. We merely hold that it has such power.

Then does Potteiger's joinder in the complaint deny or divest a jurisdiction concededly existing when the complaint is viewed as that of the other two plaintiffs? We think not. Indeed, the two remaining plaintiffs and their causes of action are improperly joined. We cannot say at what stage the misjoinder of Potteiger, or even the misjoinder and improper intermingling of the causes of action of his two coplaintiffs, may be suggested and cured. If not objected to it will, of course, be waived. The relief asked by all is identical, and the court has jurisdiction to determine the right to it as to two of the parties. No step thus far taken is outside the jurisdiction the court is entitled to exercise under the complaint treated as the pleading of Potteiger's coplaintiffs.

Attributing regularity to the acts of the trial court, as we must unless the contrary

---

[1] 37 N. M. 80.

appears, it will be assumed that it is exercising the jurisdiction invoked by the state of facts set up by Potteiger's coplaintiffs. Any benefit Potteiger may receive from relief awarded his coplaintiffs within the jurisdiction invoked as to them is simply an unavoidable incident of the fact that all seek identical relief. It must be attributed to this circumstance as against the view that the court is attempting to exercise a jurisdiction not possessed, invoked by him.

If in the further progress of the case the interests of the parties should become so segregated that the court is called upon to award relief peculiar to him against the judgment and execution assailed, it is to be presumed the trial court will note the want of its jurisdiction in the premises.

The true rule governing our power to issue the writ of prohibition is laid down in Gilmore v. District Court of Fifth Judicial District, 35 N. M. 157, 291 P. 295, 297, in which the earlier cases are cited and discussed, as follows: "If the inferior court or tribunal has jurisdiction of both the subject matter and of the person where necessary, the writ of prohibition will not issue, but lacking such jurisdiction the writ will issue as a matter of right."

The trial court, as we have held, has jurisdiction of the subject-matter as to all parties save Potteiger. No question is raised as to proper jurisdiction of the person of any party essential to a determination of the issues raised by Potteiger's coplaintiffs. Hence we conclude the restraint laid upon the district court by the issuance of alternative writ should be lifted, the writ recalled, and the petition dismissed at the cost of petitioners. It is so ordered.

WATSON, C. J., and BICKLEY, J., concur.

HUDSPETH, J., concurs in the result.

ZINN, J., did not participate.

