385 P.2d 954

**CAL–M, INC., a corporation, Petitioner,**

**v.**

**The Honorable John B. McMANUS, Jr., District Judge, Second Judicial District, Division I, in and for the County of Bernalillo, State of New Mexico, and District Court, Second Judicial District, in and for the County of Bernalillo, State of New Mexico, Respondents.**

**No. 7454.**

Supreme Court of New Mexico.

Oct. 7, 1963.

Roy F. Miller, Jr., Albuquerque, for petitioner.

Earl E. Hartley, Atty. Gen., Boston Witt, Thomas A. Donnelly, Asst. Attys. Gen., Santa Fe, Alexander F. Sceresse, Dist. Atty., Second Judicial Dist., Albuquerque, for respondents.

CARMODY, Justice.

This is an original proceeding in prohibition, which arises by reason of the following circumstances.

On July 15, 1963, John F. Otero, the labor commissioner for the state of New Mexico, filed a complaint in attachment, seeking to recover certain wage claims that had been assigned to him by employees of the Franciscan Hotel in Albuquerque. The original complaint was against a corporation entitled El Rancho, Inc., but the complaint was shortly thereafter amended to insert the name of Motor Inn's, Inc. in lieu of El Rancho, Inc. Subsequently, there was filed a first, and later a second, amended complaint, which finally joined the petitioner here, Cal-M, Inc., and Joseph Massaglia, Jr., individually and as trustee, as defendants. At the time of the filing of the original complaint, the attorney for the labor commissioner signed and filed what is termed "application for writ of attachment," which stated the amount due was $1,083.64. This is the only affidavit appearing in the district court file, although the amount claimed under the second amended complaint was increased to the sum of $9,184.77, there apparently being additional employees who had assigned their claims to the labor commissioner following the filing of the original complaint. No bond, as required by §§ 26–1–4 and 26–1–7, N.M.S.A.1953, was ever filed. Various writs of attachment and alias writs were issued, and the sheriff of Bernalillo County actually took possession of some of the property of the hotel. The petitioner in this proceeding moved in the trial court to quash the alias writ of attachment on three grounds, only one of which is material here. The one ground of consequence is that no bond was ever executed by the plaintiff or by anyone on his behalf, as required by the afore-mentioned sections.

The district judge, upon hearing the motion, determined that the writ of attachment was in all respects proper and that a bond was not required to be furnished by the plaintiff. Following this announcement from the bench, petitioner sought prohibition, and the same was granted on August 21, 1963.

The order issued by this court commanded the respondents to desist and refrain from any further proceedings until the further order of the court, and to show cause on September 4th why the order should not be made permanent.

It should be noted that, some three days after service of our writ, the attorneys, both for the plaintiff in the case below and

for petitioner (one of the defendants below), apparently agreed upon an order for the trial court's signature, having for its purpose the formalizing of the record. We do not question the sincerity of the lower court or counsel; nevertheless, the order so entered was in violation of our order and is an absolute nullity.

Although there are other questions raised, we deem it necessary to decide this proceeding only on one point, i. e., must the labor commissioner, in the proceeding below, furnish a bond in conformity with the attachment statute? If he must, then the attachment here attempted is absolutely void and of no effect. Waldo v. Beckwith, 1854, 1 N.M. 97; Grimmett v. Barnwell, 1937, 184 Ga. 461, 192 S.E. 191, 116 A.L.R. 257; Williams v. Thigpen, 1953, 217 Miss. 683, 64 So.2d 765; Cox v. Cox (Mo.App.1949), 217 S.W.2d 722.

It is contended by the respondents that the provisions of our statutes relating to wage-claim actions by the labor commissioner waives the requirement for the furnishing of a bond in an attachment proceeding. The first two subsections of § 59–3–13, N.M.S.A.1953, provide as follows:

"(a) In all actions brought by the labor commissioner as assignee under the provisions of the preceding section [59–3–12] the labor commissioner shall be entitled to free process and shall not be obligated or required to give any bond or other security for costs.

"(b) Any sheriff, constable or other officer requested by the labor commissioner to serve any summons, writ, complaint, or order shall do so without requiring the labor commissioner to advance the fees or furnish any security or bond therefor."

Respondents would have us construe the word "bond" as it appears in the two subsections above to include an attachment bond. We are unable to agree. It appears to us plain that under subsection (a), the word "bond" relates only to the costs of the proceeding and would relieve the labor commissioner from giving a cost bond under the provisions of § 25–1–13, N.M.S.A.1953. So also the word "bond" in subsection (b) can only have reference to guaranteeing the fees of the sheriff or other officer.

The remedy of attachment is purely of statutory origin, being unknown at common law; and unless there is compliance with the legislative mandate, the jurisdiction of the court does not attach. See 1 Natural Resources Journal 303 and 2 Natural Resources Journal 75 for a scholarly study of the law of attachment in New Mexico; and see, also, Grimmett v. Barnwell, supra. Therefore, prohibition is a proper remedy, because the district court authorized an attachment when there was lacking one of the very jurisdictional requirements provided by law. Nothing has been called to our attention, other than the

contention with respect to the above statutes, which would relieve a party seeking attachment from following the provisions of the statute in order to give the court jurisdiction over the parties and the subject matter. Certainly, no exception is created by the above statute, nor is there any general exemption or exception granted to the state, or any subdivision thereof, other than perhaps the provision of § 47–8–29, N.M.S.A.1953, which specifically relieves the sheep sanitary board from filing any bond. Thus in this case, although the trial court had what is generally termed jurisdiction over the parties and the subject matter of the litigation, it had no jurisdiction to authorize the issuance of the attachment

Although we have in this opinion restricted our ruling to the failure to furnish bond, much of what we have said is also applicable to the failure to file a new affidavit prior to the issuance of the alias and pluries writs of attachment, inasmuch as § 26–1–14, N.M.S.A.1953, provides the filing of a new affidavit and new bond in order to lay the foundation for the issuance of an alias or pluries writ. In so stating, we express no opinion regarding the sufficiency of the original affidavit.

Much as we appreciate the attitude of the trial judge in attempting to protect the interests of the wage earners and, as he said, in doing equity, nonetheless this does not justify ignoring the very provisions of the law.

The writ of prohibition will be made permanent. It is so ordered.

COMPTON, C. J., and CHAVEZ, NOBLE and MOISE, JJ., concur.