Original,
No. 5251.

STATE *v.* SUPERIOR COURT.

Argued March 29, 1965.
Decided April 13, 1965.

*William Maynard*, Attorney General, *Alexander J. Kalinski*, Assistant Attorney General, and *Emile R. Bussiere*, county attorney (*Mr. Kalinski* orally), for the State.

*Matthias J. Reynolds, John A. Graf* and *Robert L. Chiesa* (*Messrs. Reynolds* and *Graf* orally), for Edward H. Coolidge, Jr.

LAMPRON, J. Paragraph 7 of the motion for discovery filed by counsel for the defendant Coolidge contains a list of items alleged to be in the possession of the police or of prosecuting officials. The motion alleges that examination of these items is "essential for the preparation of an adequate defense and to insure a fair trial." Generally these are alleged to include guns taken from the home of the defendant, one of which is alleged in the indictments to have been used in the murder of Pamela

Mason; bullets; articles of clothing of the defendant; specimens of hair taken from his body; a "knife or sharp instrument used in the slaying"; "bullets removed from the body of Pamela Mason"; a 1951 Pontiac car owned by the defendant, vacuum sweepings and a piece of fibre insulation taken from it or from his 1963 Chevrolet; clothing worn by Pamela Mason and other ladies' apparel specifically described therein.

The Trial Court ordered that counsel be permitted to examine all items requested in paragraph 7, with certain exceptions to be considered later in this opinion. A visual and physical inspection by counsel for the defense was ordered to be arranged with counsel for the State within ten days, and if desired an opportunity for further scientific examination by experts was to be provided, all under appropriate safeguards.

This court pointed out in *State ex rel Regan* v. *Superior Court*, 102 N. H. 224, 226, 227, that, in criminal cases, no right to inspection of objects or writings in advance of trial existed at common law nor has such right been conferred by statute in this jurisdiction. We stated, however, that the Trial Court "in the exercise of reasonable discretion and to prevent injustice [had power] to require the production of specific objects or writings for inspection under appropriate safeguards and at a time appropriately close to the time of trial, if it should appear that otherwise essential rights of the respondents may be endangered or the trial unnecessarily prolonged." *Id.,* 229. We reaffirm the inherent power of our Trial Court to permit such inspections and examinations if it finds that justice so requires. This same power has been recognized in other jurisdictions. *People* v. *Riser,* 47 Cal. 2d 566, 585, 586; *In re DiJoseph's Petition,* 394 Pa. 19, 22; *State* v. *Cook,* 43 N. J. 560. See 33 F.R.D. 128 for a copious list of references on this subject.

We hold that the Trial Court's order for inspection and examination of articles enumerated in paragraph 7 of the motion as specified by the order was within its power to make and we see no abuse of discretion in its exercise.

Defendant's counsel also sought discovery of "Tape recordings, written statements, and notes compiled by law enforcement authorities of questions and answers propounded to the defendant." The Trial Court did not grant this request. The nature of the notes and recordings does not appear. We hold that notes personally compiled by law enforcement authorities in the course of their investigation, even if they include notes of conversations with the accused, constitute the work product of the State and are

privileged from pretrial discovery. *State ex rel Regan* v. *Superior Court*, 102 N. H. 224, 227.

We hold, however, that the Trial Court had the power in its discretion if justice required to order the discovery and inspection of any written confession or statement made by the defendant, or any recording or stenographic notes of the same, whether such confession or statement was signed by the defendant or not. *State* v. *Johnson*, 28 N. J. 133; *Powell* v. *Superior Court*, 48 Cal. 2d 704, 708; *People* v. *Quarles*, 255 N. Y. S. 2d 599 (Sup. Ct.). See "Second Preliminary Draft of Proposed Amendments to the Rules of Criminal Procedure before the United States District Courts, 34 F.R.D. 411, 421-423 (March 1964). If the Trial Court's denial of that part of the motion was based solely on an assumed lack of power to order such discovery, the Court should reconsider its action in the light of this opinion.

Up to this point we have been dealing, for the most part, with discovery of items belonging to the defendant now in the possession of the State and with discovery of written or recorded statement made by him. Under paragraph 7 of their motion, defendant's counsel also sought discovery of "Autopsy slides, photographs, movies, [autopsy] reports, contemporaneous notes (both recorded and written), laboratory and chemical reports, and parts of the body of Pamela Mason and contents thereof." This portion of the motion was also denied by the Trial Court.

Defendant's counsel were furnished with a ten-page report of the autopsy upon the body of Pamela Mason performed in compliance with the requirements of RSA 611:11-13. They were also given a copy of the certificate of death in the form required by RSA 611:16. Any photographs, movies, and photographic or specimen slides taken or made as a part of the autopsy could properly be made available to the defendant, particularly since in this case the "corpse of [the] victim," has been cremated. *State ex rel Regan* v. *Superior Court*, 102 N. H. 224, 229. So also could "parts" or "contents" of the corpse which have been preserved. If any "contemporaneous notes" were made under the direction of the medical referee in the course of preparing the report of the autopsy already furnished to the defendant they also may be furnished in the Court's discretion. The Trial Court should also review its previous order in this respect. However, such notes made by or on behalf of the Attorney General or his staff, and laboratory and chemical reports made as a part of the State's investigation (RSA 611:22) stand upon a different footing, and are not subject to pretrial discovery. *State ex rel*

*Regan* v. *Superior Court, supra,* 226, 230. See *Therrien* v. *Company,* 99 N. H. 197, 200-201.

Paragraph 8 of the motion for discovery read as follows: "Law enforcement officials have in their possession, facts or information which indicate the time and date of the abduction of Pamela Mason, the geographical locale from which Pamela Mason was abducted, the means or conveyance whereby Pamela Mason was abducted, the date and time Pamela Mason died, and the geographic locale or place where Pamela Mason was murdered." The Trial Court considered the above as a motion for a bill of particulars and granted it, with one exception, "providing the information sought is actually known to the State's counsel at this time." The Court specifically did not require the State to disclose the means or conveyance whereby Pamela Mason was abducted.

The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense and to enable him to prepare an intelligent defense. *Yeargain* v. *United States,* 314 F. 2d 881 (9th Cir. 1963); 27 Am. Jur. 672, "Indictments and Informations," s. 112. It has long been the law in this jurisdiction that to meet constitutional requirements an indictment must inform the accused of the nature and cause of the accusation with sufficient definiteness so that he can prepare for trial. *State* v. *Story,* 97 N. H. 141, 146. It must allege "every element of the offense charged in language sufficiently definite to apprise the [defendant] of what [he] must be prepared to meet for trial." *Id.,* 146. We hold that the indictments in this case meet these requirements.

"However desirable it might seem to an accused that the State should be compelled to set out in an indictment the details of the evidence on which it relies to sustain the charges made, respondents are not entitled by law to that information." *State* v. *Story, supra,* 146; *State* v. *Ellard,* 95 N. H. 217, 220; *Edens* v. *State,* 235 Ark. 996, 998. By granting defendant's motion for a bill of particulars the Trial Court compels the State to do just that. That part of the Court's order is set aside, and the parties are enjoined and restrained from enforcing the order of the Trial Court insofar as it requires the State to provide any of the information sought in paragraph 8 of the motion for discovery.

*Case discharged.*

All concurred.