460 P.2d 240

**STATE of New Mexico, Petitioner,**

v.

**Frank B. ZINN, District Judge of the First Judicial District, Sitting by Designation, Respondent.**

**No. 8894.**

Supreme Court of New Mexico.

Oct. 20, 1969.

James C. Thompson, Dist. Atty.; E. E. Chavez, Asst. Dist. Atty., Santa Fe, for petitioner.

Chacon & Melendez, Matias L. Chacon, James A. Scarborough, Espanola, Bertrand B. Prince, Santa Fe, for respondent.

## OPINION

WATSON, Justice.

Respondent is the presiding judge in three criminal cases pending on indictment before the First Judicial District. In each case motions for discovery were filed seeking an order directing the district attorney to turn over to the defense attorneys, or permit their examination of, various documents in the State's files.

In Cause No. 8270 (Santa Fe County) request was made to examine the following: (1) all records of statements of defendant, State's witnesses, or other persons; (2) all relevant physical or documentary evidence; (3) reports or tests of physical or mental examinations of the defendant and the State's witnesses; and (4) the entire file on the defendant, and such other statements or documentary evidence which might later come into the district attorney's possession.

In Cause No. 8270 Respondent ordered the State to furnish to defendant copies of the defendant's statement and those of all witnesses; rap sheets or records concerning the defendant's prior criminal record, if any; reports of doctors, physicians or health officers; and reports and tests of physical or mental examinations. The same order denied defendant's request to examine the police investigative report of Officer Jerome Janes; to inspect the district attorney's file; and for supplemental and additional information coming into the State's possession.

In Cause No. 4086 (Rio Arriba County) request was made for: (1) copies of defendant's statement or statements, and the statements of witnesses endorsed on the indictment; (2) copies of the police report, record of prior convictions, if any;

and (3) allowing counsel to view, or to be furnished with, a copy of a document showing the property purportedly misappropriated belonging to State Farm Mutual Automobile Insurance Agency.

The order in Cause No. 4086 directed the furnishing of copies of the defendant's statements and those of witnesses whose names were endorsed on the indictment, and a copy of defendant's prior record, if any, but denied the motion as to the remainder of the items requested.

In Cause No. 4077 (Rio Arriba County) request was made for: (1) copies of defendant's statement and statements of witnesses to be used (called) by the prosecution; (2) copies of reports of police officers or deputy sheriffs, and the inspection of photographs and diagrams taken by investigating officers; (3) copies of search warrants and the returns of service; and (4) "Copies of medical reports, if any, from the doctor who examined _____ showing that sexual intercourse was committed by the defendants and/or penetration." (Deletion ours.)

Although a copy of the order in this case was not furnished us, it is admitted that the motion was granted for copies of the statements of witnesses to be used and for item four above.

The motions in Causes 4086 and 4077 asked the court to exercise its discretion in their allowance.

By original writ of prohibition the district attorney asks that we prohibit the respondent judge from requiring the furnishing to the respective defendants the items allowed by his orders above mentioned.

■ We reaffirm our ruling in State v. Tackett, 78 N.M. 450, 432 P.2d 415 (1967). There we noted that a writ of prohibition should not interfere with the discretion of the trial judge, but that it was apparent in that case that respondent trial judge had not exercised his discretion but had ruled that the defendants were entitled to grand jury testimony, police reports, and witness statements as a matter of law. In Tackett, supra, we pointed out that for the accused to inspect the evidence in the possession of the prosecutor there must be something more than a mere desire for the information.

Here, although relator alleged in his petition that the trial court in granting discovery of some of the items did so as a matter of right, this is denied in the responses to the petition, and we are convinced such was not the case. The discretion of the trial court was sought, and it was exercised after a hearing on the motions. Although there is a complete lack of grounds set forth in the motion in Cause No. 8270, and the general allegations in the motions in Causes 4086 and 4077 are insufficient, we do not know what other reasons may have been presented to respondent at the hearing. The affidavit of one of the accused filed with us states that among other things the trial court was advised that the district attorney had instructed the parents of the minor victims not to let them discuss the matter with the defendants' attorney, and that the medical examiner had declined to discuss his findings with the defendants' attorney.

■ Even though the issuance of a writ of prohibition is within our discretion, the writ is issued almost as a matter of right when the trial court is totally lacking in jurisdiction, Cal–M, Inc. v. McManus, 73 N.M. 91, 385 P.2d 954 (1963); Gilmore v. District Court, 35 N.M. 157, 291 P. 295 (1930), or has exceeded its jurisdiction or is about to do so, State ex rel. Miller v. Tackett, 68 N.M. 318, 361 P.2d 724 (1961). When the order has already been issued, or when the court has jurisdiction but the order is erroneous, arbitrary, and tyrannical, or would be gross injustice, or might result in irreparable injury, and there is no plain, speedy, and adequate remedy unless it is issued, we do so under our power of superintending control by virtue of Art. VI, § 3 of the Constitution of New Mexico. State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54 (1962); Albuquerque Gas & Electric Co. v. Curtis,

43 N.M. 234, 89 P.2d 615 (1939). This power is never used to substitute our discretion for that of the trial court. Peters v. McIntosh, 80 N.M. 496, 458 P.2d 222 (1969).

Generally the application for the writ should recite grounds for the granting of the relief to the exclusion of allegations of evidence heard by the trial court. 42 Am.Jur. Prohibition § 42. Evidence by affidavit, the original files of the trial court, or otherwise may be presented to us under our Rule 24 (§ 21–2–1(24) (5), (6), N.M.S.A.1953 Comp.). The person seeking the writ must prove the essential allegations of his petition. The court will make no assumptions not warranted by the evidence, but will indulge in the presumption that the action of the inferior court was correct and within the scope of its authority. Mozley v. Helmick, 37 N.M. 97, 18 P.2d 1024 (1933); 73 C.J.S. Prohibition § 35.

Here the respondent, after a hearing, selected and determined in each of the three cases which statements and documents held by the relator the accused persons would be permitted to inspect. We have no record of the hearing nor of respondent's reasons for his selections. We are not informed of the circumstances of the charges involved. We have not seen the witnesses' statements mentioned in respondent's order. They may be exculpatory of the accused for all we know. We do know that respondent did not open the district attorney's file to a "fishing expedition," nor did he rule as a matter of law that the accused was entitled generally to statements of witnesses as in State v. Tackett, supra.

In an exhaustive annotation on the subject in 7 A.L.R.3d 8 (1966) (which follows the case of State v. Superior Court, 106 N.H. 228, 208 A.2d 832, 7 A.L.R.3d 1 (1965), cited by us in State v. Tackett, supra), it is stated:

"And, moreover, practically all the cases recognize that a trial court has the discretionary power to permit inspection of evidence in the possession of the prosecution, at least where the requested evidence is relevant and material to the case or is admissible in evidence or is favorable to the accused, or where inspection of the requested evidence by the accused is necessary to avoid delay in trial or to protect his basic constitutional rights or disclosure thereof is otherwise necessary for a fair trial or in the interest of justice * * *."

It has not been shown to us that respondent abused his discretion or used it arbitrarily.

If we grant the writ upon the record before us, we may well be depriving the accused of a fair trial. See Trimble v. State, 75 N.M. 183, 402 P.2d 162 (1965). We said in State ex rel. Anaya v. Scarborough, 75 N.M. 702, 410 P.2d 732 (1966), that a writ of prohibition may not be utilized for obtaining piecemeal review, or as a substitute for an appeal. An even greater violation of the judicial process would be to use it with an incomplete record to substitute our judgment for that of the trial court.

The writ is therefore denied and the alternative writ discharged.

It is so ordered.

COMPTON, and TACKETT, JJ., concur.

NOBLE, C. J., and MOISE, J., dissent.

NOBLE, Chief Justice, and MOISE, Justice (dissenting).

Being unable to convince ourselves that respondent has succeeded in distinguishing the facts here from those ruled on in State v. Tackett, 78 N.M. 450, 432 P.2d 415 (1967), we hereby note our dissent.

In our view, the allegations in the motion filed in the district court do not state any grounds which would justify the order made. Neither are we justified in as-

suming that other grounds were possibly advanced at the hearing, as suggested by the majority. As a matter of fact, the record is clear that none were and, if any proof was offered, it was respondent's duty to bring it to our attention. The affidavit in Cause No. 8270, Santa Fe County, received in evidence at the time of oral arguments is the only additional information before us, and there is nothing in it that requires a different ruling. As we understand the situation, the district attorney does not object to furnishing the medical reports covering examination of the victims in that case. Also, if witnesses refuse to talk to defense counsel, the proper approach is to seek an order directing them to do so. This right is recognized in the brief filed on behalf of defendants Salazar and Deyapp.

We see nothing presented in the motions which would support a result in any way different from that reached in State v. Tackett, supra. The allegations, if accepted as true, do not support a discretionary grant of the materials sought and, accordingly, the judge acted in excess of jurisdiction in entering his order.

We do not agree that any of the motions asked the court to exercise discretion. Even though the defendants were trying to avoid the impact of State v. Tackett, supra, by presenting a matter to be ruled on by the court in its discretion, we do not agree that merely stating this as a fact necessarily has such effect. In addition, it would seem that some grounds which would support a holding in movant's favor must be asserted and established. The grounds stated in the motions are not of this quality.

The writ should be made permanent, except as to rap sheets, if in the possession of the district attorney, and the medical reports sought in Cause No. 8270, to which the district attorney does not object.

The majority having determined otherwise, we respectfully dissent.