700 P.2d 198

In the Matter of the ADOPTION OF a BABY CHILD, a minor,

Alfred PINO, Pueblo of Laguna, Intervenors-Appellants,

v.

NATURAL MOTHER, prospective adoptive parents, Appellees.

No. 8190.

Court of Appeals of New Mexico.

April 30, 1985.

Anthony F. Little, Indian Pueblo Legal Services, Bernalillo, for intervenor-appellant Alfred Pino.

Alan R. Taradash, Nordhaus, Haltom, Taylor & Taradash, Albuquerque, for intervenor-appellant Pueblo of Laguna.

Jane G. Printz, Paskind, Lynch & Printz, P.A., Albuquerque, for appellees prospective adoptive parents.

George F. Stevens, Albuquerque, for appellee natural mother.

## OPINION

HENDLEY, Judge.

Intervenors, Alfred Pino (father) and the Pueblo of Laguna (Pueblo), appeal the children's court's failure to grant their motion to reopen the court's judgment and order (1) determining that father had waived his consent to the baby's adoption, and (2) decreeing that the prospective parents may adopt the child. Finding that the trial court lacked jurisdiction, we reverse.

On May 13, 1983, prospective parents petitioned the court to decree that they might adopt the child. The child was born two days earlier on May 11. The child was born out of wedlock to a Pueblo mother and father. The mother signed a consent to adoption, acknowledging the father's paternity by affidavit.

Subsequently, the Pueblo and father moved to intervene in the adoption proceedings, and moved to dismiss them on the ground that the children's court lacked jurisdiction under the Indian Child Welfare Act (the Act), 25 U.S.C. §§ 1901–1923 (1982). The court denied their motions to dismiss but granted their motions to intervene.

The Pueblo's and father's application for a writ of prohibition from the New Mexico Supreme Court on the jurisdictional issue was denied. The Pueblo and father sought review of the denial of the writ in the United States Supreme Court. During the pendency of this appeal, the United States Supreme Court noted probable jurisdiction. However, we are led to believe that a decision is not likely until next term.

On May 9, 1984, the prospective parents moved the court to waive the consent of the father to the adoption. A hearing on the motion was originally set for May 25, 1984, but that date was vacated. The hearing was reset for July 31, 1984. Attorneys for the Pueblo and father received notice of the July 31 setting by letter from opposing counsel, but never received notice from the court. At the July 31st hearing, neither the father nor the Pueblo appeared; the court ordered that the motion to waive father's consent be granted. On the same day, the court entered a final decree of adoption.

Counsel for the father and Pueblo did not learn of the entry of the final decree of adoption and waiver until August 9 or 10, 1984, when they received a "courtesy copy" of the order from opposing counsel. They subsequently moved the court for an extension of time in which to file an appeal and, alternatively, for relief from the judgment under NMSA 1978, Civ.P. Rule 60(b) (Repl. Pamp.1980). The children's court denied both motions. Only the Rule 60(b) issues and an issue concerning notice of entry of a default judgment are presented for decision in the briefs on appeal; other issues are abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

The dispositive issue is whether the children's court erred in not granting appellants' motion under Rule 60(b)(4) to vacate the judgment because it was void for lack of jurisdiction. Before discussing the jurisdictional issue, we discuss the Supreme Court's denial of appellants' earlier request for a writ of prohibition against the children's court.

In *State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982), defendant pled guilty pursuant to a plea agreement. The trial court initially placed him on probation, but agreed to reconsider the sentence upon motion by the state. Defendant sought a writ of prohibition from the Supreme Court to prevent the trial court from reconsidering the sentence. The court granted the writ, later quashed it, and remanded the case for proper sentencing. Defendant appealed, after the court sentenced him to a term of years, to this Court, which held that the

second sentence violated the plea agreement. We reinstated the first sentence of probation. The Supreme Court noted that, when it sent the case back to the trial court for proper sentencing, it implicitly determined that the probation was illegal. The decision on the writ of prohibition—that is, the implicit determination that the probation was illegal—became law of the case and could not be reexamined by the Court of Appeals on appeal.

▮▮▮▮ *Sisneros* does not preclude this Court from finding a lack of jurisdiction in the trial court after the Supreme Court denied a writ of prohibition when lack of jurisdiction was argued in support of the writ. Denial of the writ does not constitute law of the case in this case. *Sisneros* is distinguished because there the Supreme Court affirmatively ordered the trial court to hold a hearing on sentencing. If the Supreme Court meant for the probation sentence to be legal, it would have granted the writ instead of quashing it. By denying the writ and ordering the sentencing hearing, it impliedly held that the probation sentence was unacceptable.

In this case, the writ was denied with no direction to the trial court. Denial of a petition for a writ does not necessarily mean that the Supreme Court reached the merits of the issue argued in support of the writ. *State v. Reese,* 91 N.M. 76, 570 P.2d 614 (Ct.App.1977). We recognize that *State v. Zinn,* 80 N.M. 710, 460 P.2d 240 (1969), holds that, when the trial court is totally lacking in jurisdiction, the writ is issued "almost" as a matter of right. However, such language implies that there will be some jurisdictional cases in which the writ will not issue. An application for a writ can be denied when there exists an adequate remedy at law. *Reese;* NMSA 1978, § 44-2-5. The denial of the writ is not a decision on the merits, and the issue can be reviewed on appeal. *Reese.* In this case, as in *Reese,* an adequate remedy at law—an appeal to this Court of the jurisdictional issue—was available to appellants. However, in *Sisneros,* the illegality of the probation sentence was clearly implied by the court's order to the trial court to hold a sentencing hearing. The present case is governed by *Reese,* not by *Sisneros;* we are not prohibited from deciding whether the children's court had jurisdiction.

Appellants argue that the Act vests exclusive jurisdiction in matters such as this in the tribal court. Appellees argue that the jurisdiction issue is not properly before the court in an appeal of denial of a Rule 60(b) motion. Appellees imply that appellants' failure to appeal the court's earlier denial of appellants' motion to dismiss on jurisdictional grounds forecloses appellants from raising the issue now. We disagree.

▮▮▮▮ Subject-matter jurisdiction can be raised any time in the proceedings, even for the first time on appeal. *Chavez v. County of Valencia,* 86 N.M. 205, 521 P.2d 1154 (1974). *See also New Mexico Livestock Board v. Dose,* 94 N.M. 68, 607 P.2d 606 (1980). Rule 60(b)(4) is a proper means of attacking the subject-matter jurisdiction of the trial court. *Chavez. See* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.25[2] (2d ed. 1985). The trial court has no discretion in granting a Rule 60(b)(4) motion. Either the judgment is void or it is valid. *Chavez.* Did the children's court have jurisdiction to hear the adoption matter in order to decide whether the trial court erred in not granting appellants' Rule 60(b) motion? Our answer is in the negative.

▮▮▮▮ We hold that jurisdiction over the proceedings was exclusive in the tribal court and, therefore, that the children's court lacked jurisdiction. The relevant portion of the Act states: "An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe * * *" 25 U.S.C. § 1911. " '[C]hild custody proceeding' " means foster care placement, termination of parental rights, preadoptive placement, and adoptive placement. 25 U.S.C. § 1903. Although the Act contains no definition of "domicile," New Mexico holds that an illegitimate child takes the domicile of its mother at the time

of its birth. *Gomez v. Snyder Ranch,* 101 N.M. 44, 678 P.2d 219 (Ct.App.1983). The facts necessary for a conclusion of domicile are physical presence plus a concurrent intention to make a place one's home. *Worland v. Worland,* 89 N.M. 291, 551 P.2d 981 (1976). In this case, the mother gives her residence as the Pueblo of Laguna. There is no evidence in the record to indicate that the mother is not a resident and domiciliary of the Pueblo. The baby child then assumes the mother's domicile and becomes a domiciliary of the Pueblo. Therefore, jurisdiction is exclusively in tribal courts.

The children's court's order denying the Rule 60(b)(4) motion is reversed and remanded with directions to vacate its judgment.

IT IS SO ORDERED.

NEAL and ALARID, JJ., concur.