This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF ARTESIA,**

Plaintiff-Appellee,

v.                                                                              **NO. 29,592**

**LELAND W. HACKETT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

McCormick, Caraway and Tabor, LLP
Susan M. Moore
Carlsbad, NM

for Appellee

Leland W. Hackett
Artesia, NM

Pro Se Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant, filing pro se, appeals from the district court's amended order

dismissing the motion to vacate and remanding to the municipal court for imposition of the fine and costs it assessed. [RP 43] We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's arguments and are not persuaded that our proposed analysis is incorrect. We affirm.

On appeal, Defendant lists the following four arguments. First, Defendant argues that the traffic citation failed to charge him with an offense, and, therefore, deprived him of the opportunity to prepare a defense. [DS 2-3] Second, Defendant argues that he does not fall within the scope of the traffic offense with which he was charged. [DS 3] Third, Defendant argues that the judgment and sentence, fining him $500, was in excess of the fine permitted by law. [Id.] Fourth, Defendant argues that the district court failed to send the mandatory notice of dismissal that would have alerted him to show cause why the appeal should not be dismissed. [Id.]

Our notice proposed to affirm on the grounds that none of Defendant's issues is properly before this Court because Defendant did not properly pursue any of the mechanisms available for obtaining post-conviction relief. We offered examples of the ways in which Defendant could have sought relief under the criminal rules and failed to do so at every opportunity. [CN 3] We also noted that Defendant did not file

a timely appeal to this Court from the district court's order dismissing his appeal. [Id.] We noted that after the New Mexico Supreme Court denied his petition for a writ of prohibition, Defendant's subsequent attempt to seek relief under Rule 1-060(B) NMRA was inappropriate. [Id.] We proposed to hold that this rule of civil procedure does not provide Defendant with a remedy from the criminal judgment. [CN 4]

In response to our notice, Defendant argues that our Court has permitted relief from criminal judgments argued to be void pursuant to Rule 1-060(B), after the abolition of the writ of coram nobis. [MIO 1-2] Upon the adoption of the rules of criminal procedure in 1972, any of the rules of civil procedure governing criminal proceedings were repealed. *See* Compiler's Annotations to Rule 5-101 NMRA. Since the governance of the rules of criminal procedure over criminal proceedings, we have refused to apply the rules of civil procedure to criminal matters, except to the extent that the proceeding is arguably civil in nature and/or there is no criminal rule governing the procedure at issue. *See State v. Roybal*, 2006-NMCA-043, ¶ 15, 139 N.M. 341, 132 P.3d 598. As our notice pointed out, there were several procedural mechanisms available to Defendant under the criminal rules, *see* Rule 5-614 NMRA; Rule 5-801 NMRA; Rule 7-709(B) NMRA, and the appellate rules of procedure, *see* Rule 12-201(A)(2) NMRA; *see also* NMSA 1978, § 39-3-3(A)(1) (1972), to seek

relief from the fine imposed. Defendant does not persuade us that it is appropriate to apply a civil rule to a procedure in a criminal proceeding that is clearly governed by the criminal and appellate rules.

Our notice also proposed to refuse to construe Defendant's Rule 1-060(B) motion as a request for any sort of writ to address, at most, the amount of the fine imposed, where the Supreme Court has already denied Defendant writ relief. *See In re Adoption of Baby Child*, 102 N.M. 735, 737, 700 P.2d 198, 200 (Ct. App. 1985) (noting that the New Mexico Supreme Court's decision on a writ of prohibition was an "implicit determination that the probation was illegal [that] became law of the case and could not be reexamined by the Court of Appeals on appeal"). Defendant's response has not persuaded us to construe his Rule 1-060(B) motion as any other appropriate means of seeking relief that this Court has the power to grant.

Lastly, we recognize that Defendant points out that an "aggrieved party" has the absolute right to one appeal and that we may correct an unauthorized sentence at any time. As with any claim, however, the appellant must bring his or her appeal and challenge to the sentence appropriately. *See State v. Upchurch*, 2006-NMCA-076, ¶¶ 3-4, 139 N.M. 739, 137 P.3d 679 (rejecting the state's claim that it has an absolute right to one appeal of a disposition contrary to law when the state failed to perfect its

appeal and noting that we will not excuse the state's untimely appeal, as we sometimes do for defendants, "because [the state] does not possess the constitutional right of an accused to the effective assistance of counsel"). Unlike the supervisory powers of the New Mexico Supreme Court over all inferior courts, in the absence of procedural mechanisms that properly bring issues before this Court, we lack the power to grant Defendant relief. *See* N.M. Const. art. VI, § 3.

For these reasons and those stated in our notice, we affirm the district court's order denying Defendant relief based on his motion filed under Rule 1-060(B). *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant).

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

6